ISAAC HOUGH, Respondent, *v.* THEODORE V. FOLMSBEE, Appellant.

*Order of arrest — when not granted in an action of replevin, although proper in an action for the conversion of the same property.*

Where an action in replevin is brought to regain possession of personal property wrongfully and unlawfully detained from plaintiff, or the value thereof in case a delivery cannot be had, and damages for the wrongful detention thereof, an order of arrest will be granted only where it is alleged in the complaint that the property, or a part thereof, has been concealed and removed, or disposed of, so that it cannot be found or taken by the sheriff, and with the intention that it should not be so found or taken, or to deprive the plaintiff of the benefit thereof; although where the same facts are set forth, in an action for the recovery of damages for the wrongful and unlawful conversion of the property, an order of arrest may issue.

APPEAL by the defendant from an order of the Supreme Court, made at a Special Term thereof held at the city of Albany on December 30, 1890, and entered in the office of the clerk of the county of Albany on the 31st day of December, 1890, which denied a motion to vacate an order of arrest made in the above-entitled action.

The complaint alleged that the plaintiff had employed the defendant as his agent to sell certain goods, wares and merchandise, in the name of the plaintiff, upon the agreement that he should return the proceeds of the sale of said property to plaintiff as soon as they were received by the defendant, and should return the unsold property to plaintiff upon demand.

That, in pursuance of said agreement, certain articles were delivered by the plaintiff to the defendant; that the same had not been sold by the defendant; that the plaintiff was the owner thereof; that the value of said goods was $1,169.50; and the complaint then further proceeded as follows:

"That on or about the 15th day of August, 1890, the said articles were duly demanded of defendant by plaintiff, and he refused, and still refuses, to deliver the same, or the proceeds thereof, to plaintiff, but has wrongfully and unlawfully detained, and still does wrongfully and unlawfully detain, the same from plaintiff, and has concealed, removed or disposed of said property with intent to deprive the plaintiff of the benefit thereof.

" Wherefore plaintiff demands judgment against the defendant for the recovery of the possession of said goods and chattels, or for the sum of eleven hundred and sixty-nine dollars and fifty cents, the value thereof in case a delivery cannot be had, together with the sum of two hundred and fifty dollars, his damages for the unlawful detention thereof, besides the costs of this action."

*H. V. Borst* and *Z. S. Westbrook,* for the appellant.

*John A. Stephens,* for the respondent.

LANDON, J.:

The plaintiff, in his affidavit, says : " That this action was brought to recover possession of certain personal property wrongfully detained by defendant, or the value thereof in case a delivery cannot be had, and damages for the wrongful detention thereof." The affidavit then recites the facts constituting the cause of action substantially as stated in the verified complaint. The complaint alleges title in the plaintiff to certain goods and merchandise, their value, the delivery thereof from March, 1889, to March, 1890, by plaintiff to defendant under an agreement whereby defendant was to sell the same as agent for the plaintiff and return the proceeds of the sale to plaintiff as soon as received, and to return the unsold part thereof to plaintiff; that defendant did not sell the same; that plaintiff demanded of defendant in August, 1890, the same or their proceeds, which was refused, and then alleges that defendant wrongfully and unlawfully has detained said goods from plaintiff and has concealed, removed or disposed of the same with intent to deprive the plaintiff of the benefit thereof. Judgment is demanded against the defendant for the recovery of the possession of the goods, or for $1,169.50, their value, in case a delivery cannot be had, together with $250 damages for their detention.

The order of arrest cannot be sustained upon the ground that the action is " to recover a chattel ; " for, in such case, section 549 of the Code of Civil Procedure, provides that the defendant may be arrested " where it is alleged in the complaint that the chattel or a part thereof has been concealed, removed or disposed of so that it cannot be found or taken by the sheriff, and with intent that it should not be so found or taken, or to deprive the plaintiff of the

benefit thereof." This complaint does not allege that the goods have been so concealed, removed or disposed of that they cannot be found or taken by the sheriff with either one or the other intent specified in the section.

But the learned judge at Special Term upheld the order of arrest under that clause of section 549 which provides that the defendant may be arrested in an action "to recover damages for   *   *   * an injury to property, including the wrongful taking, detention or conversion of personal property."

Upon the facts stated, the plaintiff might have framed his complaint as for a conversion. But he chose to frame it in replevin. In the former case he·would abandon title and possession and seek satisfaction in damages. In the present case he insists upon his title and seeks to regain possession. A complaint for damages for injury to the goods and for their unlawful detention would be appropriate if the goods had been returned after having been injured and unlawfully detained. Under the complaint as framed the plaintiff can issue a requisition to the sheriff to take possession of the goods (§ 1694), and it does not appear that the sheriff cannot find or take them. For aught that appears this remedy is available. If so, and if the order of arrest is upheld, then the plaintiff will have two remedies, each upon grounds inconsistent with the other; one because he can take the goods, and the other because he cannot. Under section 549 he cannot have an order of arrest if he so frames his complaint as to show his right to issue his requisition, unless he also shows that the requisition will not help him.

The order must be reversed, with ten dollars costs and printing disbursements, and motion to vacate granted, with ten dollars costs.

MAYHAM, J., concurred; LEARNED, P. J., taking no part.

Order reversed, with ten dollars costs and printing disbursements, and motion to vacate granted, with ten dollars costs.