## MICHAELIS v. TOWNE.

(Supreme Court, Special Term, New York County. August 9, 1899.)

ARREST IN CIVIL ACTION—REPLEVIN—PLEADING—JURISDICTION.

In replevin, where the complaint does not allege that the chattel, or a part thereof, has been concealed, so that it cannot be found or taken by the sheriff, and with intent that it shall not be found or taken, an arrest cannot be sustained, under Code, § 549, as such allegations are jurisdictional.

Action of replevin by Naomi Michaelis against Robert S. Towne. Motion by defendant to vacate order of arrest.    Granted.

Parsons, Shepard & Ogden, for the motion.
Edwin M. Felt, opposed.

McADAM, J.    The action is not for conversion, but in replevin. A plaintiff cannot so frame his complaint that if he fails to recover the possession of the property he can recover damages for conversion. Maxwell v. Farnam, 7 How. Prac. 236.    In conversion the plaintiff abandons title and possession, and seeks satisfaction in damages. In replevin the plaintiff, as she does here, insists upon her title, and seeks to regain possession.    If the action had been for conversion, the arrest could be sustained, but, as it is in replevin, it fails, for in such case section 549 of the Code provides that the defendant may be arrested "where it is alleged in the complaint that the chattel or a part thereof has been concealed, removed or disposed of so that it cannot be found or taken by the sheriff and with intent it should not be found or taken, or to deprive the plaintiff of the benefit thereof." These essential jurisdictional requirements do not appear by the plaintiff's papers, and, however much it is to be regretted, the order of arrest must be set aside (Hough v. Folmsbee, 59 Hun, 148, 13 N. Y. Supp. 221; cases collated in 1 Bliss' Code [4th Ed.] p. 791, note d), but without costs.