## SUPREME COURT.

### Maxwell agt. Farnam.

A complaint is bad on demurrer which alleges the taking, detention and *conversion* of personal property and claims not only damages for the conversion, but also a redelivery to the plaintiff.

A plaintiff can not so frame his complaint as that if he fails to recover the possession of the property, he can recover damages for the conversion.

*Albany Special Term,* 1852. *Demurrer to complaint.* The complaint alleges that the defendant has become possessed of one hand knitting machine, the property of the plaintiff, by wrongfully taking the same from the plaintiff, and that he wrongfully detains the same, and has converted it to his own use; and demands that the defendant may be adjudged to pay him damages for the wrongful taking, detention and conversion; and that the property may forthwith be delivered to the plaintiff.

The defendant demurred to the complaint, assigning for cause that two causes of action are improperly joined.

J. F. Crawford, *for Plaintiff.*

J. W. Miller, *for Defendant*

Harris, Justice.—The pleader who drew this complaint could not have had before his mind, at the time, the distinctive character of the different actions relating to personal property. Hence it is, that we find blended together allegations which constitute the peculiar elements of several kinds of actions. The complaint commences by alleging a *wrong ful taking* of the property. This is an allegation appropriate to an action for trespass *de bonis asportatis,* or replevin in the *cepit.* Then, a wrongful *detention* is alleged. This is a proper allegation in an action of replevin in the *detinet.* And, lastly, a *conversion*; this is the indispensable characteristic of the action for *trover.* Taking, then, the allegations of the complaint as the criterion, what is the nature of this action? Is it trespass, or replevin, or trover? There is certainly enough in it to sustain either. It may be referred to

the *third* or the *sixth* class of actions, as defined by the 167th section of the Code, equally well.

But it has been said that it is the relief sought, which determines the character of the action (Spalding agt. Spalding, 3 *How. Pr. R.* 297; Dows agt. Green, *id.* 377); and to this I agree. But when we appeal to this test, we find equal difficulty in determining whether the action is *trover* or *replevin*. The plaintiff asks that the defendant may be adjudged to pay damages for the wrongful taking, detention and *conversion* of the property to the amount of one hundred dollars, the whole value, as stated in the complaint, being but ninety dollars; and then further asks that the property may be forthwith delivered to the plaintiff. Here, again, the action is presented in its two-fold character. The judgment for which the plaintiff asks is a judgment in *trover*, and also a judgment in *replevin*. He seeks to recover *the property itself*, and then, damages for its *conversion*. Thus, throughout, in its allegations of fact, and in its prayer for relief, the complaint presents the complex form of an action for trover, and an action of replevin. The complaint is, therefore, liable to the double objection that it contains two causes of action, belonging to different classes, and also that those two causes of action are improperly united in a single count. For different causes of action, even when they may be united in the same complaint, must be " separately stated " (see Durkee agt. Saratoga and Washington R. R. Co., 4 *How. Pr. R.* 226).

It was urged upon the argument that the allegation of the *conversion* of the property and the prayer for damages for such conversion, are matters of form and should be disregarded. But it seems to me that these are to be regarded also as matters of substance, as much as any thing else in the complaint. The plaintff, to avoid all difficulty, should have stated the facts as he expected to present them in proof, and should then have asked for the same judgment which he expected to have awarded to him upon establishing the facts alleged.

If the property had in fact been *converted* by the defendant, so that it was no longer in his possession, or under his control, that fact would, I suppose, be a complete answer to an action for the recovery of its possession. If a party intends to recover the

possession of his property, he can only succeed by bringing his action against the party who has in his power to give him such possession. The party who has been guilty of the conversion may be liable for the damages, but is not liable in an action to recover the possession (Roberts agt. Randall, 5 *How. Pr. R.* 327). But I know of no principle of pleading which will allow a plaintiff so to frame his complaint, as that, if he fails to recover the possession of the property, he can recover damages for the conversion. He must elect, when he brings his action, whether he will claim a judgment for the delivery of the *identical property,* or for the *damages* he has sustained by reason of the conversion.

There must be judgment for the defendant upon the demurrer, but with liberty to the plaintiff to amend on payment of costs.