Dorlon agt. Lewis.

## SUPREME COURT.

### DORLON agt. LEWIS.

Where the service of a paper by one party has the effect of setting time to run against the opposite party, the time which thus begins to run shall be *twice* as long when the service is by *mail* (*Code*, § 412), as when made personally.

This rule is applicable to *appeals*. Where the right to appeal is limited to thirty days after "written notice," &c. the time for the adverse party to appeal begins to run from the time of the *service of notice;* and when the service of the notice is made by mail double the thirty days is allowed to bring the appeal.

On bringing an appeal from a judgment entered upon the report of referees to the general term, no security is necessary to be given, except for the purpose of staying proceedings.

On the substitution of attorneys, it is only necessary to serve the adverse attorney with a written notice of the fact.

*Albany General Term, September* 1852—PARKER, WRIGHT and HARRIS, *Justices. Motion to dismiss appeal.* Judgment was perfected in this action upon the report of a referee, on the 7th of October 1851, and *written notice* thereof was duly served on E. R. Peck, Esq. the defendant's attorney, by mail, on the same day. On the 10th *of October*, notice of the substitution of W. C. Benton, as attorney for the defendant, was served on the plaintiff's attorney. On the 7th of November, the defendant's attorney served upon the plaintiff's attorney and the clerk, notice of appeal to the general term from the judgment. The plaintiff's attorney moved to dismiss the appeal, and stated as the grounds of his motion, 1. That the appeal had not been made "within thirty days after written notice of the judgment." 2. That no undertaking upon the appeal had been filed. 3. That Benton had not been regularly substituted as attorney.

J. K. PORTER, *for Plaintiff.*

W. C. BENTON, *for Defendant.*

By the Court, HARRIS, Justice.—If the notice of the judgment had been personally served, the 6th of November would have been the last day for appealing, and, of course, the appeal would

Dorlon agt. Lewis.

have been one day too late. But the 412th section of the Code declares that "where service is by mail, it shall be double the time required in case of personal service." The language of this provision, though substantially the same as that of the 7th Rule in force at the time the Code was adopted, is not, perhaps, the most happy that might have been selected to express what was intended. To say that "service by mail" shall be "double time," conveys of itself no distinct idea to the mind. It is, to say the least, an awkward expression. Lapse of time forms no essential ingredient in the act of serving a paper. And yet it is the law that when the act is performed in a particular way, it, that is, the service, shall be double the time required when the act of serving the paper is performed in another manner.

But I believe this rule has always been construed to mean that where the service of a paper by one party, as, for example, a pleading, or a notice, has the effect of setting time to run against the opposite party, the time which thus begins to run shall be twice as long when the service is by mail, as when it is personal. Thus, the 143d section declares that a demurrer or answer must be served within twenty days after the service of the copy of the complaint. The time begins to run from the service. If, instead of serving the complaint personally, the plaintiff elects to serve it by mail, the time which thus begins to run against the defendant is *forty* days instead of the *twenty* days otherwise allowed. So, either party may give to the other a notice of trial. It must be *ten* days before the Court. But if he will serve his notice by mail, the time is doubled, and the notice must be served *twenty* days before the court.

The rule is applicable to appeals like that which is the subject of this motion. The right of appeal is limited to *thirty* days after "written notice," &c. The object of giving such notice is to terminate the right of appeal. The time for the adverse party to appeal begins to run from the time of the service of notice. If, therefore, the party giving the notice chooses to serve his notice by mail, as he may, he also gives the other party double the time he would have had if the service had been personal. The appeal in this case, therefore, was in time.

Nor are the other objections to the regularity of the appeal well

taken. The notice of substitution was sufficient. The plaintiff's attorney is mistaken in supposing he has a right to know how the substitution was effected. It was enough that he was served with a notice by one attorney that he had, in fact, been substituted in the place of the attorney who had before appeared. Nor was any security necessary to sustain the appeal. The chapter of the Code which authorizes an appeal in a case like this, does not require any security except for the purpose of staying proceedings.

The motion must be denied, and I think it should be with costs. The plaintiff's attorney gave notice, with the notice of his motion, that he would not ask for costs upon the motion, but this ought not to relieve him from the payment of the costs of resisting the motion. The defendant was obliged to appear to defend his appeal, and having succeeded, I think he should have the costs of such defence.