## DELAWARE, L. & W. R. Co. *v.* CORWITH *et al.*

*(Supreme Court, Special Term, New York County.* May 14, 1889.)

INTERPLEADER—WHEN GRANTED.

> Defendant, in an action for conversion of lead, cannot maintain an action to interplead plaintiff with other claimants of the lead, where it does not appear that such other claimants allege that they are entitled to a sum of money from the lead, or that they have sued for its conversion.

Defendant Corwith having brought an action against the Delaware, Lackawanna & Western Railroad Company for the conversion of certain lead, and it appearing that there were other claimants of the lead, the company brought an action to compel the several claimants to interplead.

*Hamilton Odell,* for plaintiff.    *Elijah S. Cowles,* for defendants.

INGRAHAM, J. To entitle the plaintiff to file a bill of interpleader it must appear that two or more persons severally claim the same thing under different titles or separate interests from another person, and that the plaintiff, not claiming any title or interest therein himself, and not knowing to which of the claimants he ought of right to render the debt due or the duty claimed, or to deliver the property in his custody, is either molested by action or actions brought against him, or fears that he may suffer injuries from the conflicting claims of the parties. 2 Story, Eq. Jur. 136. Plaintiff has failed to bring himself within this rule. The claim of the defendant Stettler is that the plaintiff is indebted to him in a sum of money for the value of certain lead which the plaintiff has converted to its own use. That claim can only be satisfied by the payment of the money demanded. It would be no defense to that action to tender the lead which the defendant claims the plaintiff has converted. Nor does the plaintiff admit that he is indebted to Stettler in any sum. So far as appears, the other defendants who have claimed the lead have not sued the plaintiff for conversion, nor do they claim from it any sum of money; and, before the defendant can be enjoined from prosecuting his action brought in the state of New Jersey to recover the amount of money that he seeks to recover in that action, plaintiff must admit the indebtedness due to him and pay the amount claimed by him in that action into court. I think, therefore, the motion for injunction should be denied, with $10 costs.