## THOMAS J. RYAN

*v.*

## S. WARREN LAMSON *et al.*

*Filed at Ottawa October 29, 1894.*

1. INTERPLEADER—*when a bill of interpleader lies.* A bill of interpleader lies where two or more claim the same fund or property by different interests, and the custodian, being indifferent between them, does not know to whom the fund belongs.

2. SAME—*case where the action does not lie.* A bill of interpleader does not lie, at the suit of a member of a board of trade, to compel parties to whom he has sold grain, and who are claiming damages for breach of the contract, to litigate with the principal from whom the grain was purchased, the question of the right to the fund deposited by such principal as margins.

*Ryan v. Lamson,* 44 Ill. App. 204, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. OLIVER H. HORTON, Judge, presiding.

Messrs. YOUNG & MAKEEL, and Mr. JOHN GIBBONS, for the appellant:

In this case the real parties to the contract are brought face to face, and the question is, whether or not, in a court of equity, the agent, who is innocent of any wrong, may be made to pay the sum of money to one not entitled to it, and afterwards be obliged to pay over the same money to the real owner. *Warder* v. *White,* 14 Ill. App. 50 ; *Barker* v. *Garvey,* 83 Ill. 184; *Conklin* v. *Leeds,* 58 id. 178 ; *Samuels* v. *Oliver,* 130 id. 78 ; *Kayton* v. *Barnett,* 116 N. Y. 625 ; Dos Passos on Stock Brokers, 674, 675.

The agent may secure himself by a single suit, instead of remaining liable to as many suits as there are claimants, where one payment ought to discharge him. *Farly* v. *Blood,* 30 N. H. 373 ; *Lozier* v. *Van Sann,* 2 Green's Ch. 325 ; *Heath* v. *Hurless,* 73 Ill. 323 ; *Newhall* v. *Kastens,* 70 id. 156 ; *Richards* v. *Salter,* 6 John's Ch. 445.

Mr. D. M. KIRTON, Mr. D. A. CAMPBELL, and Mr. HARRY OLSON, for the appellees :

Any matter of controversy between appellant and his customer was of no concern to appellees ; nor can it be availed of by appellant to excuse himself for the non-fulfillment of his contracts with appellees, which contracts and their fulfillment are governed, especially as among its members, by the rules of said Board of Trade, which, in fact, became a part of the contracts. *Hess Manf. Co.* v. *Warren,* 15 Ill. App. 596 ; *Thorne* v. *Prentice,* 83 Ill. 99.

That appellant and said appellees are principals, as between themselves, is not open to controversy. Dos Passos on Stock Brokers, 674, 675.

Mr. JUSTICE BAKER delivered the opinion of the court :

Appellant and appellees were members of the Board of Trade of the city of Chicago, each doing business on the board in buying and selling grain, etc., among themselves, as such members. On November 14, 1891, appellant sold to appellees Lamson Bros. & Co., on the floor of the board, 10,000 bushels of corn at 51⅝ cents per bushel, and 5000 bushels at 51½ cents per bushel, all for delivery during that month. He also sold appellees Russell & Barrell, on October 16, 1891, 5000 bushels of corn for like November delivery, at 47⅝ cents per bushel, and appellees Andrew & Co., on November 14, 1891, 10,000 bushels of corn for like delivery, at 51¾ cents per bushel. He did not deliver any corn on either of these contracts. Appellees thereupon made application to the board of directors of the Board of Trade, under its rules, to fix the market price for corn on the last day of November, 1891, and ascertain the damages, if any, to be paid by appellant to them by reason of his failure to fulfill his contracts. Appellant filed his bill in chancery to enjoin that proceeding, claiming that one Harry B. Schloss, for whom he acted in those transactions, had enjoined him from paying out certain money deposited by him, Schloss, with appellant, as margins on such sales. On this bill a temporary injunction issued, restraining appellees and the board of directors from further prosecuting that proceeding, but upon a hearing the injunction was disallowed and the bill dismissed. Appellant thereupon filed an amended bill of interpleader, setting up the same matters as alleged in his original bill, and also alleged that appellees, together with other members of the Board of Trade, unlawfully combined and confederated together to create a fictitious value in said corn, amounting to from 60 to 80 cents per bushel on the 30th day of November, 1891, whereas its real value for any legitimate purpose did not exceed 47 cents per bushel. This interpleader also set up that Harry B. Schloss procured an injunction

against appellant, restraining him from paying over to appellees the money in his hands belonging to said Schloss. The bill further set up that appellant had $5650.31 in his hands, deposited by Schloss as security for the trades aforesaid, which is more than sufficient to pay the claims of appellees. Appellees answered this interpleader, denying that they, or either of them, combined or confederated with any one to increase the price of corn during the month of November, 1891, and setting up that their contracts with appellant were by and between them and him, as members of the Board of Trade, and in pursuance of and in accordance with the rules and by-laws of the same, and that they had no knowledge, except as stated in the bill of interpleader, of Harry B. Schloss; and denying that they, or either of them, had any contract concerning the corn in controversy with him, or that appellant at any time disclosed to them, or either of them, that he was acting for said Schloss, or that they, or either of them, claim or demand money from any particular fund in appellant's hands. Harry B. Schloss also answered, substantially admitting all the allegations of the bill, and prayed the order and decree of the court awarding to him the $5650.31 held by appellant. The circuit court heard the case on the bill, answers, replications and affidavits of the parties, and dismissed the bill for want of equity. Appeal was taken to the Appellate Court, and the decree of the circuit court was there affirmed. To reverse that finding this appeal is taken.

The only question presented for our decision is as to whether the facts alleged by appellant in his bill of interpleader, and proved on the hearing, were sufficient to entitle him to the relief prayed, and we are clearly of the opinion that this question must be decided against him. A bill of interpleader lies when two or more persons claim the same fund or property by different or separate interests, and the custodian does not know to whom, of right,

it belongs, and between whom he is wholly indifferent. (*Newhall* v. *Kastens et al.* 70 Ill. 156.) It is not shown here, either by allegations or proof, that appellees claim the fund in appellant's hands claimed by Schloss. By their proceeding before the board of directors, sought to be enjoined by this bill, they were not trying to reach any particular fund in appellant's hands. Their claim against appellant in the proceeding is based upon a contract with him personally, and not as the agent of Schloss or any one else. Nor does Schloss proceed in his case on the theory that appellees are claiming the fund placed by him in the hands of appellant. In his bill against appellant, referred to in the so-called interpleader, he prayed that the money he had put in the hands of appellant as margins for November deals in corn ought to be returned to him. He did not claim in that bill, nor does he claim by his answer here, that he has any controversy with appellees over that fund.

The allegation as to a fictitious price of corn having been created is wholly unsupported by proof. But if it were otherwise, we are unable to see why, for that reason, the case should be transferred from the board of directors to a court of equity. This is an attempt upon the part of appellant, not to have a court of equity determine to which of two contending parties a fund in his hands belongs, but to be himself relieved of responsibility upon his contracts, because, as he claims, he made those contracts as agent, and his undisclosed principal has refused to perform them. That was the purpose and scope of his original bill, which, it seems to be admitted, was properly dismissed.

We entertain no doubt as to the correctness of the order of the circuit court in this proceeding. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*