## Robert Kile, Adm'r, v. Mary Goodrum and Green Goodrum.

1. INTERPLEADER—*Requisites of the Bill.*—The essential requisites of a bill of interpleader are (1), that the same thing, debt, or duty, is claimed by both or all of the parties against whom the relief is demanded; (2) that all the adverse titles or claims be dependent, or be derived from a common source; (3) that the person asking for the relief do not have or claim any interest in the subject-matter; (4) that he stand perfectly indifferent between those claiming the thing, debt or duty, being in the position purely of a stakeholder.

Bill of Interpleader.—Appeal from the Circuit Court of Edgar County; the Hon. HENRY VAN SELLER, Judge, presiding. Heard in this court at the November term, 1899. Reversed and remanded with directions. Opinion filed February 27, 1900.

Statement.—Robert Kile, as administrator, with the will annexed of H. N. Guthrie, deceased, filed in the Circuit Court of Edgar County a bill of interpleader against

Mary Goodrum, in her own right, and Green Goodrum, as administrator of the estate of William Goodrum, deceased, in which, among other things, was averred in substance that H. N. Guthrie when he was alive, boarded most of the time from July 17, 1896, to November 1, 1897, in the house with said William and Mary Goodrum, who were husband and wife, and living together at the time; that H. N. Guthrie was owing one of them for his board when he died, on November 1, 1897; but that appellant does not know whether he owed it to said William or Mary, as each of them claim to be entitled to it, and each presented to the County Court of Edgar County, Illinois, where the estate of said Guthrie is being administered, a claim against that estate in which each of them claimed to be entitled to be paid for said board; and each procured said County Court to allow the claim thus presented against said estate, at the sum of $90, for the identical same board, covering the same time; that appellant has appealed from each of such allowances to the Circuit Court of Edgar County, where each of said claims are now pending and undetermined; that upon the face of each of said claims, as filed in the County Court and now pending in the Circuit Court, it did not fully appear that each claimant was claiming board for said Guthrie for the identical time above stated, but from the evidence presented when those claims were heard in the County Court, it did appear that each of said claimants were claiming that the estate was indebted to him and to her for the same identical board; and until such hearing appellant did not know that both claimants were seeking to collect from said estate the same identical board bill; that appellant is ready and willing to pay to the proper one of the appellees the true amount of board due from Guthrie for the time he boarded at the Goodrum house, during the time above stated; that appellant does not collude with either of the appellees touching the matters covered by said claims for said board, nor is he in any manner identified by the appellees or either of them; nor has appellant exhibited this, his bill of interpleader, at the request of appellees, or

either of them, but merely of his own free will, and to avoid having to pay twice for the same board of said Guthrie.

The amended bill prays that appellees may interplead and settle and adjust to which one of them the estate of said Guthrie is indebted for the board of said Guthrie from July 17, 1896, to November 1, 1897, while boarding at the house occupied as the house of said William and Mary Goodrum; and that appellant may bring into court such sum, whatever the court may determine it to be, for the benefit of such one of the appellees as the court shall determine is entitled thereto. An injunction is also prayed for against appellees proceeding against appellant in any action at law based upon their above respective claims.

To the amended bill, Green Goodrum, one of the appellees, interposed a general demurrer, which being sustained, he stood by his amended bill, and the court entered a decree dismissing the same, with costs against the appellant.

Appellant brings the case to this court by appeal, and urges a reversal of that decree upon the ground that the court improperly sustained the demurrer to the amended bill, when it stated facts sufficient to require it to be answered.

DUNDAS & O'HAIR, attorneys for appellant.

R. L. McKINLAY, J. W. HOWELL, VAN SELLAR & SHEPHERD, attorneys for appellees.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

We have examined the amended bill of interpleader filed by appellant in the Circuit Court of Edgar County against appellees, and find that it properly avers that appellees each claim from the estate of H. N. Guthrie, deceased, of which appellant is the administrator, the amount of a certain board bill owing by said deceased, in his lifetime, to one of them, but which one appellant does not know; that each of the appellees are prosecuting a claim against said

estate for said board bill; and that appellant fears he may be compelled to pay the same twice, for which reason he asks the court to compel them to answer his bill of interpleader, and allow the court to determine to which one he shall pay said board bill. By his bill appellant offers to bring the amount due from said estate for said board into court for the benefit of such one of the appellees as the court shall determine it belongs, and he disclaims all interest in such board bill, or that he has in any manner obligated himself to pay the same to one of the appellees in preference to the other, but that he stands indifferent between them; thus filling every requirement of a good bill of interpleader, as defined by Sec. 1332 in 3 Pomeroy's Equity Jurisprudence: (1) that the same thing, debt or duty is claimed by both or all of the parties against whom relief is demanded; (2) all the adverse title or claim is dependent on or is derived from a common source; (3) the person asking the relief does not have or claim any interest in the subject-matter; (4) he stands perfectly indifferent between those claiming the thing, debt, or duty, being in the position merely of stakeholder. See also Newhall v. Kastens et al., 70 Ill. 156; Ryan v. Lamson et al., 153 Ill. 520; Platte Valley Bank v. Nat. Bank, 155 Ill. 250; and Morrill v. Manhattan Life Ins. Co., 183 Ill. 260.

It was, therefore, error for the court to sustain the demurrer to appellant's amended bill, for which reason we reverse the decree appealed from, and will remand the case with directions, to overrule the demurrer to the amended bill, and then proceed as to law and justice appertain. Reversed and remanded with directions.