(69 App. Div. 285.)

LA FEMINA v. ARSENE et al.

(Supreme Court, Appellate Division, Second Department. February 21, 1902.)

1. CONVERSION—INJUNCTIONAL SUIT IN NATURE OF INTERPLEADER—WHEN MAINTAINABLE.

A defendant in an action in the municipal court of the city of New York for conversion, who denied the conversion and alleged possession as a bailee under a third person, cannot maintain a suit in the nature of an interpleader for an injunction restraining plaintiffs from prosecuting the action on the plea that no interpleader can be had in the municipal court, since Code Civ. Prcc. § 820, allows an interpleader in any court only in actions upon contract, ejectment, or replevin.

2. SAME—INJUNCTION—VALID AT LAW.

An injunction, in the nature of an interpleader, restraining the prosecution of an action for conversion, cannot be sustained on the ground that defendant denied the conversion and alleged possession of the property as a bailee under its owner, a third person, since such defense is valid at law.

Appeal from special term, Kings county.

Suit by Gennaro La Femina against Arsen Arsene and another. From an injunctional order, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ

Jacob Fromme, for appellants.
Walter Thorn, for respondent.

GOODRICH, P. J. The court at special term, on motion, made permanent an injunction restraining the defendants Arsen Arsene and Vaughan Arsene from further proceedings in an action pending in the municipal court of the city of New York, borough of Manhattan, First district, in which the Arsenes are plaintiffs and La Femina is defendant. In that action the complaint alleged conversion of certain goods by La Femina, who denied the conversion, and alleged that the property had been deposited with him, as bailee, by one Schiaffini. In the present action the complaint prays for an injunction and receiver, and a determination as to the party entitled to the possession of the goods, and is in the nature of an action of interpleader. The plaintiff contends that, as no interpleader can be had in the municipal court, his only remedy is by the present action. But by section 820 of the Code of Civil Procedure, interpleader is allowed only in actions upon contract, ejectment, and replevin, in any court. Consequently the inability of the present plaintiff to ask interpleader in the action in the municipal court is not sufficient ground for an injunction against the prosecution of the

action. If the property belonged to Schiaffini, the plaintiff has a good defense against conversion, and can maintain it in the action in the municipal court without interpleader. The order should be reversed.

Order reversed, with $10 costs and disbursements. All concur.