GENNARO LA FEMINA, Respondent, *v.* ARSEN ARSENE and VAUGHAN ARSENE, Trading under the Firm Name of A. ARSENE & SON, Appellants, Impleaded with PELLEGRO SCHIAFFINI, Defendant.

*Receiver — he can only be appointed when the property is in the possession of a party adverse to the one making the application.*

In an action brought by a person who had in his possession a quantity of perishable personal property which he had received for storage, against the person who had placed the property in his custody and a firm which had brought an action against him for the conversion of such property, to secure a determination as to the party entitled to the possession thereof, the plaintiff is not entitled to have a receiver of the property appointed, *pendente lite,* as, under subdivision 1 of section 713 of the Code of Civil Procedure, a receiver of property which is the subject of an action can only be appointed before final judgment when the property is in the possession of a party adverse to the one making the application.

APPEAL by the defendants, Arsen Arsene and another, trading under the firm name of A. Arsene & Son, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 3d day of January, 1902, appointing a receiver in this action.

*Jacob Fromme,* for the appellants.

*Henry A. Powell* and *Cornelius P. McLaughlin,* for the respondent.

HIRSCHBERG, J.:

The action is in the nature of interpleader. The complaint alleges, among other things not material to this appeal, that on November 3, 1901, the defendant Pellegro Schiaffini placed in the plaintiff's custody certain perishable personal property to be kept for ten days on storage at the building 69 and 71 Hudson avenue, in the borough of Brooklyn; upon information and belief that said Schiaffini had a lien on and was entitled to the possession of such property; that on the 7th day of November, 1901, the appellants, trading under the firm name of A. Arsene & Son, brought an action in the Municipal Court of the city of New York against the plaintiff for

the conversion of such property; and that the plaintiff is ready and willing to turn over the property to the rightful .owner. The relief asked is for an injunction against the continuance of the action in the Municipal Court, a determination as to the party or parties entitled to the possession of the goods, and the appointment of a receiver to take charge of the property in the meantime. An order heretofore made herein, granting the injunction, was reversed by this court. (See *La Femina* v. *Arsene*, 69 App. Div. 285.) The present appeal is from an order appointing a receiver.

What was said by the presiding justice, writing for the court on the former appeal, is still applicable, viz. (p. 286), that " if the property belonged to Schiaffini, the plaintiff has a good defense against conversion and can maintain it in the action in the Municipal Court, without interpleader." But there is no allegation in the complaint that the property does belong to Schiaffini, and the allegation that he has a lien is only on information and belief. The complaint does not even allege that the appellants, the defendants trading under the name of A. Arsene & Son, claim to own the property although such claim does appear in the copy of the complaint filed in the Municipal Court, and annexed to the complaint in this action. Assuming, however, that the appellants claim to be the owners of property which has been placed in the possession of the plaintiff by one alleged and believed to have a lien upon it, and that an action for conversion has been commenced as stated, no grounds are disclosed for the maintenance of an equitable action of interpleader. The owner of property suing for its conversion cannot be successfully met by the defendant's suggestion that he received it from a person who he is informed and believes has a lien on it.

It is unnecessary to discuss the question upon this appeal, as in any event the appointment of a receiver is improper. Such appointment in this action is purely provisional, this not being one of the cases in which the appointment of a receiver is specially provided for by law. By the provisions of section 713 of the Code of Civil Procedure, subdivision 1, a receiver of property which is the subject of an action can only be appointed before final judgment, where the property is in the possession of a party adverse to the one making the application. The plaintiff being in the actual

possession of the property cannot subject it to the expense of a provisional receivership before the rights and interests of the parties have been fixed by judgment.

The order should be reversed.

All concurred.

Order appointing receiver reversed, with ten dollars costs and disbursements.