A. Y. MORE and J. L. More, a Copartnership Doing Business under the Firm Name and Style of More Brothers v. WESTERN GRAIN COMPANY, a Corporation.

(153 N. W. 976.)

**Service of papers — setting time to running — personal service — service by mail — effect of each.**

1. Where the service of a paper by one party has the effect of setting time to run against the opposite party, the time which thus begins to run is twice as long when the service is by mail (§ 7954, Compiled Laws), as when made personally.

**Computation of time — rule of — as to service of papers — appeals.**

2. This rule is applicable to appeals.

**Conversion — complaint in — allegations of actual conversion — demand and refusal — not necessary.**

3. Where a complaint in an action for conversion contains allegations of an actual conversion, an averment of demand and refusal is not required.

**Interpleader — order of — when allowed.**

4. Under the provisions of § 7414, Compiled Laws, an order of interpleader

31 N. D.—24.

may be allowed only (1) in an action upon contract; (2) in an action for specific real property; (3) in an action for specific personal property.

**Conversion — action for damages for — interpleader — not allowable.**

    5. An order of interpleader should not be allowed under the provisions of § 7414, Compiled Laws, in an action for damages for conversion of personal property.

Opinion filed July 8, 1915.

From an order of the District Court, Hettinger County; *Crawford,* J., plaintiffs appeal.

Reversed.

*J. K. Murray,* for appellants.

To maintain interpleader it is necessary that the plaintiff make demand upon the defendant for the same debt or property as the person not a party to the action. Rev. Codes 1905, § 6826, Comp. Laws 1913, § 7414.

"Debt is a legal liability to pay a specific sum of money," a sum of money reduced to a certainty, and distinguished from a claim for uncertain damages.

The claim here is not for property. An action for damages for tort is not a claim for a debt. 13 Cyc. 398; Sonnesyn v. Akin, 12 N. D. 227, 97 N. W. 577.

A person not a party to an action in conversion cannot make claim for the same debt, because such action is not for debt. The claims of parties must be identical. Sonnesyn v. Akin, supra; Braithwaite v. Akin, 3 N. D. 365, 56 N. W. 133; 38 Cyc. 428, 499; 1 Wait, Pr. p. 170, and cases cited thereunder; 23 Cyc. 8; 3 Kerr's Cyc. Code Civ. Proc. of Cal. pt. 1, § 386, note 67 p. 424, and cases cited; Pfister v. Wade, 56 Cal. 43; Hoyt v. Gouge, 125 Iowa, 603, 101 N. W. 464; 23 Cyc. 11, 36.

Interpleader cannot be maintained in a tort action, or in any action not within the permission of the statute. Rev. Codes 1905, § 6826, Comp. Laws 1913, § 7414; North Pacific Lumber Co. v. Lang, 28 Or. 246, 52 Am. St. Rep. 780, 42 Pac. 799; United States v. Vietor, 16 Abb. Pr. 153; American Teleg. & Cable Co. v. Day, 20 Jones & S. 128; 3 Kerr's Cyc. Code Civ. Proc. of Cal. pt. 1, §§ 386, note 39, p. 422, § 386, note 86, p. 424; 23 Cyc. 9.

The complaint controls as to the nature of the action. Rev. Codes 1905, § 6826, Comp. Laws 1913, § 7414; Braithwaite v. Akin, 3 N. D. 365, 56 N. W. 133; 38 Cyc. 428–499; Cardill v. Minnesota Elevator Co. 89 Minn. 442, 95 N. W. 306.

Damages is properly pleaded by alleging the value of the property converted. Rev. Codes 1905, § 6586, Comp. Laws 1913, § 7169; 38 Cyc. 2071; 13 Cyc. 175.

An order of interpleader cannot be questioned on an appeal from the judgment. Attack must be made by appeal from the order. Bolton v. Donavan, 9 N. D. 575, 84 N. W. 357.

Interpleader must show that he has no remedy at law. 1 Wait, Pr. 169–179.

Plaintiff's claim must be admitted by applicant for interpleader. Orient Ins. Co. v. Reed, 81 Cal. 145, 22 Pac. 484; Pfister v. Wade, 56 Cal. 43.

*F. C. Heffron* and *Emil Scow,* for respondent.

The judgment of the trial court "dismisses the action;" such judgment is final, and no further action can be had by any person except to carry such judgment into effect, or to vacate it, or reverse it. Greeley v. Winsor, 3 S. D. 138, 52 N. W. 674; Todd v. Todd, 7 S. D. 174, 63 N. W. 777.

The district court had complete jurisdiction in this case, and therefore had power to dismiss same. German Bank v. American F. Ins Co. 83 Iowa, 491, 32 Am. St. Rep. 316, 50 N. W. 53; Comp. Laws 1913, §§ 7412, 7597, subdiv. 2, 8.

No proceeding can be taken to question the judgment entered, except by direct attack to vacate or reverse it. 23 Cyc. 1055–1057, and notes 8–31; Borden v. McNamara, 20 N. D. 225, 127 N. W. 104, Ann. Cas. 1912C, 841; Westbay v. Gray, 116 Cal. 660, 48 Pac. 800; Haug v. Great Northern R. Co. 42 C. C. A. 167, 102 Fed. 74; Greeley v. Winsor, 3 S. D. 138, 52 N. W. 674.

The appeal here is a collateral attack upon the judgment. Greeley v. Winsor, 3 S. D. 138, 52 N. W. 674; Todd v. Todd, 7 S. D. 174, 63 N. W. 777.

Had plaintiffs appealed from the judgment, the order could have been reviewed by such appeal. Shellenberg v. Fremont, E. & M. Valley R. Co. 45 Neb. 487, 50 Am. St. Rep. 561, 63 N. W. 859; Des Moines Sav.

Bank v. Morgan Jewelry Co. 123 Iowa, 432, 99 N. W. 121; Victor Sewing Mach. Co. v. Heller, 41 Wis. 657; State ex rel. Miller v. Albertson, 25 N. D. 206, 141 N. W. 478.

The Western Grain Company was not the real party defendant in interest. It had no interest in the grain or in the proceeds thereof. Probate Judge v. Sulloway, 68 N. H. 511, 49 L.R.A. 347, 73 Am. St. Rep. 619, 44 Atl. 720; Hambright v. Southern R. Co. 98 S. C. 219, 82 S. E. 416; Shaw v. Alexander, 32 Miss. 229.

Permission to sue a receiver must be granted by the court appointing such receiver, before suit can be maintained. Barton v. Barbour, 104 U. S. 126, 26 L. ed. 672; Jones v. Moore, 106 Tenn. 188, 61 S. W. 81; Smith v. St. Louis & S. F. R. Co. 151 Mo. 391, 48 L.R.A. 368, 52 S. W. 378; Colburn v. Yantis, 176 Mo. 684, 75 S. W. 653; Schmidt v. Gayner, 59 Minn. 307, 61 N. W. 333, 62 N. W. 265; Naumburg v. Hyatt, 24 Fed. 898; 34 Cyc. 411, note 79; High, Receivers, § 254; 34 Cyc. 187, c. note 61.

Permission to sue a receiver is jurisdictional, and cannot be waived by him. Brown v. Rauch, 1 Wash. 500, 20 Pac. 785; Martin v. Atchison, 2 Idaho, 624, 33 Pac. 47.

Leave to sue a receiver must be alleged in the complaint. Reed v. Axtell, 84 Va. 231, 4 S. E. 587, 10 Am. Neg. Cas. 346; Day v. Postal Teleg. Co. 66 Md. 369, 7 Atl. 608; Baker v. Carraway, 133 Ala. 502, 31 So. 933.

Interpleader is an old and well-established rule of justice, and the Code provisions in regard thereto do not supplant or repeal the older methods of procedure, but are merely concurrent or declaratory. Cronin v. Cronin, 9 N. Y. Civ. Proc. Rep. 137; Chamberlain v. O'Connor, 1 E. D. Smith, 665; Beck v. Stephani, 9 How. Pr. 193; Comp. Laws 1913, § 7594; Patterson v. Perry, 14 How. Pr. 505; Board of Education v. Scoville, 13 Kan. 17; First Nat. Bank v. Beebe, 62 Ohio St. 41, 56 N. E. 485.

No appeal can be maintained by a plaintiff for any purpose, where the complaint does not state a cause of action. Comp. Laws 1913, § 7937, subdiv. 14; Pierson v. Minnehaha County, 28 S. D. 534, 38 L.R.A.(N.S.) 261, 134 N. W. 212; Sanford v. Duluth & D. Elevator Co. 2 N. D. 6, 48 N. W. 434; Towne v. St. Anthony & D. Elevator Co. 8 N. D. 200, 77 N. W. 608; First Nat. Bank v. Minneapolis & N.

Elevator Co. 11 N. D. 280, 91 N. W. 436; Kendall v. Duluth, 64 Minn. 295, 66 N. W. 1150.

CHRISTIANSON, J. This is an appeal from an order of interpleader. The facts necessary for a determination of the questions presented on this appeal are as follows:

This action was brought to recover damages for the alleged conversion of 1,331 bushels and 50 pounds of wheat and 366 bushels of barley upon which plaintiffs claim a lien by virtue of a chattel mortgage. The complaint is in the usual form, and alleges the execution and delivery to plaintiff by one Charles Procise, of three promissory notes, on the 19th day of August, 1912, aggregating in all $1,300, and the subsequent execution and delivery of a chattel mortgage to secure the payment of such notes, and the filing of such mortgage for record in the office of the register of deeds of Hettinger county on February 4, 1913. The complaint also alleges the stipulations and conditions of the mortgage, and that default was made in such conditions entitling the plaintiff to possession of the crops. The complaint further alleges, "That on or about the 14th day of October, 1913, the defendant converted all of the aforesaid grain to its own use, which grain was at all times herein mentioned of the value of $1,300; that plaintiffs claim the highest market price of said grain since the date of said conversion."

The summons and complaint in this action were served upon the defendant, Western Grain Company, on December 4, 1913. Thereafter on December 28, 1913, pursuant to notice, the defendant moved the court that one Albert L. Lane be substituted as defendant in the above-entitled action, and that the Western Grain Company be discharged from liability to any or either of the parties hereto. The motion was based upon an affidavit of the manager of the defendant, Western Grain Company, wherein it is admitted that the grain described in the complaint is deposited and stored in the warehouse of the defendant at Regent, North Dakota, but that the grain is, also, claimed by one Albert L. Lane, who on the 1st day of August, 1913, was appointed receiver of all the property of said Procise and that said Lane makes a demand upon the defendant for the grain or the proceeds thereof; that said defendant is unable to determine whether the plaintiff, or said Lane as receiver, is entitled to the grain or the proceeds thereof. In opposition

to the motion of interpleader the plaintiffs offered an affidavit of their attorney, J. K. Murray, to the effect that the plaintiffs did not seek to recover possession of the grain, but that the action was one in tort for damages caused to plaintiffs by reason of the conversion of the grain by the defendant; that possession of the grain had been demanded numerous times, but that defendant had refused to deliver possession; that when the grain was delivered to defendant by the mortgagor, Charles Procise, the defendant mixed such grain with other grain in its elevator, and that said defendant issued to said Lane storage tickets, and not special bin tickets, for such grain, and that the defendant had shipped the grain out of the state. The plaintiffs also offered a sheriff's return in an action in claim delivery, brought by the above-named plaintiffs against the Western Grain Company and said Albert L. Lane as defendants, wherein the sheriff certifies that he was unable to obtain possession of the grain by reason of the fact that the defendant, Western Grain Company, had mixed such grain with other grain in its elevator, and was therefore unable to sort the same from other grain in its elevator and deliver the same to the sheriff. The statements in the affidavit of Murray and in the sheriff's return were not denied. Upon these affidavits the court made an order directing that Albert Lane, as receiver of Charles Procise, be substituted as defendant in the action in place of the Western Grain Company, and that said Western Grain Company be dismissed and discharged as defendant in all particulars. This appeal is taken from the order so made.

At the threshold of this case we are confronted with a motion to dismiss the appeal on the ground that it was not taken within the time allowed by law. In this state an appeal may be taken from an appealable order "within sixty days after written notice of the same shall have been given to the party appealing." Section 7820, Compiled Laws 1913. The question presented by the motion is whether the appeal was taken within sixty days after written notice of the order was given to the plaintiffs. The affidavits submitted in support of the motion show that on the 3d day of January, 1914, F. C. Heffron, one of the attorneys for the defendant at Dickinson, North Dakota, mailed the original order and a copy thereof to J. K. Murray, the attorney for the plaintiffs, with a request that said Murray admit service on the original order. Thereafter on January 17, 1914, Murray admitted service thereof and

returned the same to Heffron. The reason for the delay in the admission of service is not altogether clear, and, as we view the matter, is immaterial. The attorneys for the defendant claim that service of notice of the order became complete on the 3d day of January, 1914, when the envelop containing the order was deposited in the postoffice at Dickinson, North Dakota, and that the appeal was not taken within sixty days after the order was served upon plaintiff's attorney. The appeal was taken and perfected on March 17, 1913. The original order contained in the judgment roll has indorsed thereon the written admission of plaintiff's attorney, Murray, showing that the order was served in January 17, 1913. This order, together with the admission of service, was filed in the office of the clerk of the district court and transmitted to this court pursuant to the appeal. Did defendant's attorney at the time of service and at the time he caused the order with proof of service thereof to be filed in the office of the clerk of the district court intend to rely on service by mailing? We think not. He filed no affidavit of mailing, but relied on the admission of service which he had requested and obtained. The claim of service by mailing is utterly inconsistent with the request for such admission of service, and the subsequent conduct of defendant's counsel, and at variance with the proof of service filed in the court below, and transmitted to this court on this appeal. But even if the order was served by mailing, and defendant's counsel in position to raise the question at this time, still we are satisfied that the appeal was taken in time. Section 7954 of the 1913 Compiled Laws reads as follows: "When the service is by mail it shall be double the time required in cases of personal service, except service of notice of trial which may be made sixteen days before the day of trial including the day of service."

This court in the case of Clyde v. Johnson, 4 N. D. 92, 58 N. W. 512, in construing this section, held that when a complaint is served by mail the time in which to answer or demur is twice as long as when served personally, and that the defendant had sixty days, instead of thirty days, in which to answer or demur to the complaint. The court said: "We are clear that the service of the demurrer was not too late. The service could be properly made by mail. Comp. Laws, § 5329. 'In case of service by mail the paper must be deposited in the postoffice, addressed to the person on whom it is to be served, at his place of resi-

dence, and the postage paid.' Id. § 5330. 'When the service is by mail it shall be double the time required in cases of personal service.' Id. § 5331. If the complaint had been personally served upon defendant's counsel, they would, under the statute, have been required to serve their answer thereto within thirty days from the date of such personal service. Id. § 4895. But the complaint was served by mail, and it follows, under § 5331, supra, that the defendant had double time in which to answer, i. e., sixty days; and the demurrer was served within sixty days. But appellant's counsel contends that the facts above set forth show a personal service by delivery of a copy of the complaint under Id. §§ 4898, 4899; and that the return receipt, signed by the defendant's attorneys, at the date of receiving the registered letter, constitutes proof that the copy of the complaint was received by delivery on the day the registered letter was taken from the postoffice at Fargo by defendant's attorneys. The theory of counsel that service by mail is a personal service, because it is shown that the letter mailed was received on a date certain, is novel. No authority is cited in support of the contention, and we think none can be found. There is no written admission of service, signed by defendant's attorneys; nor does the record show that an affidavit or other proof was filed in the court below, showing that the copy of the complaint which was inclosed in a letter and mailed at Ashley, North Dakota, was ever received in fact by the defendant's counsel. Conceding that the returned receipt shows when the registered letter was taken from the postoffice, it yet fails to constitute proof that the copy of the complaint was personally served on defendant's counsel at that time. Nor do we think that service of a paper by mailing the same can be converted into personal service by showing the fact that the paper was received at the time it was taken from the postoffice by the attorney to whom it is addressed. The law permits the service of papers by mail in lieu of personal service under certain circumstances, but we think no authority can be shown for a mode of serving papers compounded of service by mail and personal service."

This section was also construed in New York long prior to its adoption in this state, in the case of Dorlon v. Lewis, 7 How. Pr. 132, wherein the court said: "But the 412th section of the Code declares that 'where service is by mail, it shall be double the time required in case of personal service.' The language of this provision, though substantially the same

as that of the 7th rule in force at the time the Code was adopted, is not, perhaps, the most happy that might have been selected to express what was intended. To say that 'service by mail' shall be 'double time' conveys of itself no distinct idea to the mind. It is, to say the least, an awkward expression. Lapse of time forms no essential ingredient in the act of serving a paper. And yet it is the law that when the act is performed in a particular way, it, that is, the service, shall be double the time required when the act of serving the paper is performed in another manner.

"But I believe this rule has always been construed to mean that where the service of a paper by one party, as, for example, a pleading, or a notice, has the effect of setting time to run against the opposite party, the time which thus begins to run shall be twice as long when the service is by mail as when it is personal. Thus, the 143d section declares that a demurrer or answer must be served within twenty days after the service of the copy of the complaint. The time begins to run from the service. If, instead of serving the complaint personally, the plaintiff elects to serve it by mail, the time which thus begins to run against the defendant is forty days, instead of the twenty days otherwise allowed. So, either party may give to the other a notice of trial. It must be ten days before the court. But if he will serve his notice by mail, the time is doubled, and the notice must be served twenty days before the court.

"The rule is applicable to appeals like that which is the subject of this motion. The right of appeal is limited to thirty days after 'written notice,' etc. The object of giving such notice is to terminate the right of appeal. The time for the adverse party to appeal begins to run from the time of the service of notice. If, therefore, the party giving the notice chooses to serve his notice by mail, as he may, he also gives the other party double the time he would have had if the service had been personal. The appeal in this case, therefore, was in time." See also Wait's Practice, vol. 4, p. 219. The motion to dismiss the appeal is denied.

This brings us to a consideration of the order upon its merits. Respondent first contends that the order must be affirmed for the reason that plaintiff's complaint fails to state a cause of action. This contention rests solely upon the ground that the complaint contains no allegation that prior to the commencement of the action a demand was made

upon the defendant for the property, and that defendant refused to deliver the same to plaintiffs. No attack was made upon the complaint in the court below, but the question is raised here for the first time. It is probably true that the defendant in this case would not be guilty of conversion, as against the plaintiffs claiming as mortgagees, until a demand was made upon it for a delivery of the grain. First Nat. Bank v. Minneapolis & N. Elevator Co. 11 N. D. 280, 287, 91 N. W. 436. But proof of such demand and refusal would merely constitute evidence of conversion. The complaint herein contained a positive allegation "that the defendant converted all of the aforesaid grain to its own use." This allegation was sufficient to entitle plaintiffs to introduce evidence to prove a conversion, including a demand upon, and refusal by, defendant to deliver the grain to the plaintiffs.

The Encyclopaedia of Pleading & Practice, vol. 21, p. 1083, states the rule thus: "Where actual conversion of the property is alleged in the declaration or complaint, it is wholly unnecessary to allege that before the institution of the action a demand was made upon the defendant for the property, and that he refused to deliver it to the plaintiff. This rule applies not only in cases in which the defendant's possession was wrongful in its inception, and in which it is unnecessary to prove a demand upon the defendant as a constituent part of the conversion, but also even in those cases in which it may be necessary to prove, in order to establish the fact of conversion, that there were a demand and a refusal."

And Cyc. vol. 38, p. 2071, "where an actual conversion is alleged, an averment of demand and refusal is not required."

In the case of Daggett v. Gray, 110 Cal. 169, 42 Pac. 568, the supreme court of California said: "If the relation of the defendant to the property is such that a previous demand is essential in order to establish conversion on his part, proof of such demand must be made at the trial, but the demand need not be alleged. The allegation that the defendants 'converted and disposed of the property to their own use' is the allegation of a fact sufficient, in the absence of a special demurrer, to sustain a judgment. Upon the trial of an issue on this averment, the plaintiff would be at liberty to introduce evidence of a demand and refusal, if such evidence were sufficient or necessary to establish the conversion; and he would also, under this averment, be authorized to offer

evidence that the defendants had sold or otherwise dealt with the property in repudiation of the claim of the plaintiff. 'Where conversion is alleged as a fact, in general terms, that is sufficient to admit of any evidence on the trial of issue joined that tends to establish such conversion, and the plaintiff is not bound to allege the particular act or acts which constitute conversion, in an action of this character. Averments which sufficiently point out the nature of the pleader's claim are sufficient, if under them, upon a trial of the issues, he would be entitled to give all the necessary evidence to establish the claim.' Berney v. Drexel, 33 Hun, 34. See also Johnson v. Ashland Lumber Co. 45 Wis. 119; Rochester R. Co. v. Robinson, 133 N. Y. 246, 30 N. E. 1008."

The remaining and more difficult question is whether the defendant was entitled to an order of interpleader in this action. The statutory provisions in this state relative to interpleader are as follows: "The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in." Comp. Laws, § 7412.

"A defendant against whom an action is pending upon a contract, or for specific, real or personal property, may, at any time before answer upon affidavit that a person not a party to the action and without collusion with him makes against him a demand for the same debt or property, upon due notice to such person and the adverse party, apply to the court for an order to substitute such person in his place, and discharge him from liability to either party on his depositing in court the amount of the debt, or delivering the property or its value to such person as the court may direct, and the court may in its discretion make the order." Comp. Laws, § 7414.

Under the provisions of § 7412, Compiled Laws, the original parties would still remain parties to the litigation, but under the provisions of § 7414, Compiled Laws, the original defendant may be entirely eliminated from the litigation, and another defendant substituted. The defendant in this case made its application under the provisions of § 7414, Compiled Laws. This section permits an interpleader only in the following three classes of cases: (1) In an action upon a contract; (2) in an action for specific real property; (3) in an action for specific person-

al property. Does the present action come within any of these three classes of actions? The plaintiffs in this action ask for damages for a conversion by the defendant of the grain in which they had a special property by reason of the chattel mortgage lien thereon. Plaintiffs in their complaint have asked the highest market value of the property between the date of conversion and the verdict, under the provisions of subdivision 2 of § 7168, Comp. Laws.

It seems too clear for argument that an action for damages for conversion is not an action upon a contract. 38 Cyc. 2006; 21 Enc. Pl. & Pr. 1012; Braithwaite v. Akin, 3 N. D. 365, 56 N. W. 133. It is true that the person damaged may waive the tort and sue in assumpsit, but that condition does not exist in this case. The present action is based upon tort, and not upon contract. Is this an action for personal property? We think not. An action to recover damages for conversion is entirely different from an action to recover possession of property. 38 Cyc. 2005; 21 Enc. Pl. & Pr. 1013; Maxwell v. Farnam, 7 How. Pr. 236. This distinction was recognized, under the common law, where different forms of action were required dependent upon which form of relief was desired,—trover being maintained where damages for conversion were sought, and replevin or detinue where recovery of the specific property was sought. And this distinction is also recognized in the Code of Civil Procedure of this state. See Comp. Laws, §§ 7168, 7516 and 7682.

The provision of the Code of Civil Procedure of this state relative to interpleader involved in this action is a substitute for the old equitable action of interpleader, and is governed by the same principles. Pustet v. Flannelly, 60 How. Pr. 67.

The equitable remedy of interpleader, independent of statutory regulations, according to Professor Pomeroy (Pom. Eq. Jur. 3d ed. vol. 5, § 43), "depends upon and requires the existence of the four following elements, which may be regarded as its essential conditions: (1) The same thing, debt, or duty must be claimed by both or all the parties against whom the relief is demanded; (2) all their adverse titles or claims must be dependent, or be derived from a common source; (3) the person asking the relief—the plaintiff—must not have nor claim any interest in the subject-matter; (4) he must have incurred no inde-

pendent liability to either of the claimants; that is, he must stand perfectly indifferent between them, in the position of a stakeholder."

The defendant in this case is charged with a conversion,—with having committed an actionable wrong against the plaintiffs. The claim of Lane is based upon contract,—the general storage tickets issued to him by the defendant. These tickets may be sold and assigned by Lane. It seems quite clear that the plaintiffs and Lane are not claiming the same property or the same debt. Any judgment which plaintiffs may obtain can be satisfied only by a payment of the amount thereof in money. It cannot be satisfied by a delivery of the grain. The claim of Lane or his assignee can be satisfied by delivering a like amount and quality of grain in accordance with the terms of the storage receipts. As to Lane the defendant is a bailee, but as to the plaintiffs (according to the claim in their complaint) it is a tort feasor. At the time the relation of bailor and bailee between the defendant and Lane originated, the plaintiffs were unknown and had no connection with it, and if plaintiff's claim is true, the defendant's possession of and dominion over the grain became tortious after demand and refusal.

The facts in this case would not entitle defendant to maintain the old equitable action of interpleader. First Nat. Bank v. Bininger, 26 N. J. Eq. 345; Bartlett v. The Sultan, 23 Fed. 257; Delaware, L. & W. R. Co. v. Corwith, 16 N. Y. Civ. Proc. Rep. 312, 5 N. Y. Supp. 792; Dodge v. Lawson, 22 N. Y. Civ. Proc. 112, 19 N. Y. Supp. 904; Shaw v. Coster, 35 Am. Dec. 690, and note on page 702 (8 Paige, 339); La Femina v. Arsene, 69 App. Div. 285, 74 N. Y. Supp. 749; Quinn v. Green, 36 N. C. (1 Ired. Eq.) 229, 36 Am. Dec. 46; Pfister v. Wade, 56 Cal. 43; Hoyt v. Gouge, 125 Iowa, 603, 101 N. W. 464; Ryan v. Lamson, 153 Ill. 520, 39 N. E. 979; United States v. Vietor, 16 Abb. Pr. 153; North Pacific Lumber Co. v. Lang, 28 Or. 246, 52 Am. St. Rep. 780, 42 Pac. 799; 5 Pom. Eq. Jur. 3d ed. §§ 52, 53; 40 Cyc. 445.

We realize that under the peculiar statutory provisions of some states the remedy of interpleader has been greatly enlarged so as to include a number of causes not included in the old equitable action. But the legislature in this state has wisely limited the classes of actions in which interpleader may be had to those involving a specific debt arising from contract or the recovery of specific real or personal prop-

erty. It would be a manifest injustice to permit an interpleader in an action for a tort. Worthless persons could be interpleaded, and in this manner the right of the plaintiff to recover damages be defeated. If an elevator company would be permitted to interplead as party defendant, the person from whom it received or purchased grain, it could never be held liable for conversion. An action in tort is founded upon some act of the tort feasor amounting to a breach of legal duty owing by the wrongdoer to the injured party. And the whole theory of the remedy of interpleader is contrary to its use in actions for damages for a tort. As was said by Lord Chancellor Eldon in Slingsby v. Boulton, 1 Ves. & B. 334: "A person cannot file a bill of interpleader who is obliged to put his case upon this, that as to one of the defendants he is a wrongdoer."

We are satisfied that the present action does not come within the provisions of § 7414, Compiled Laws. It is not an action for specific personal property; neither is it an action to recover a debt. "A debt is a sum of money due by contract, express or implied." And a legal liability for uncertain damage founded upon a tort is not a debt. 13 Cyc. 398; Sonnesyn v. Akin, 12 N. D. 227, 97 N. W. 557.

It follows from what has been said that the order appealed from must be reversed. It is so ordered.