LANDSTAD, Appellant, v. McCLELLAN et al, Respondents.

## (173 N. W. 747.)

(File No. 4565.   Opinion filed August 15, 1919.   Rehearing denied November 8, 1919.)

1. **Appeals—Using Brief on Former Appeal, Motion—Belated Appeal, Effect.**

   Appellant's motion for an order allowing him to use upon present appeal the printed brief filed on former appeal, is denied; the appeal itself having been taken too late.

2. **Appeals—Order, Time for Appeal from—Notice of Order by Mail, Whether Time Extended Sixty Days.**

   The fact that notice of filing of an order was served by mail, does not effectuate an extension of time for an additional sixty days after service of written notice of order, (Sec. 3146, Rev. Code 1919), within the meaning of Sec. 2585, providing that service by mail "shall be double the time required in cases of personal service;" that this section applies where party giving notice thereby seeks to fix date for doing of something at a certain time in future, and is inapplicable to notice of a past event, even though giving of such notice might have started running of a statute of limitations against party receiving same.
   
   Smith, P. J., dissenting.

Appeal from Circuit Court, Minnehaha County.   Hon. Joseph W. Jones, Judge.

Action by Ole B. Landstad, against A. H. McClellan and others.   From an order denying a new trial, plaintiff appeals. Appeal stricken from record.

*Krause & Krause,* for Appellant.

*Wagner & Danforth,* for Respondents.

WHITING, J.   Appellant seeks to take an appeal from an order denying a new trial.   After service of a notice of, and bond on, appeal, appellant moves this court for an order to allow him to use, upon this appeal, the printed briefs filed on a former ap-

peal in this cause. Respondents resist the motion upon the ground that the present appeal is abortive, because taken after the time fixed by statute within which an appeal from an order may be taken. An appeal from an order must be taken within 60 days after service of written notice of the filing of such order (section 3147, Rev. Code 1919.) The purported notice of and bond on appeal were not served within such 60-day period, but were served within double such period, and appellant contends that, inasmuch as the notice of the order sought to be appealed from was served on him by mail, his appeal is within time because of section 2585, Rev. Code 1919. This section reads:

' "*Double Time Allowed for Service by Mail.*—When the service is by mail, it shall be double the time required in cases of personal service, except service of notice of trial, which may be made sixteen days before the day of trial, including the day of service."

Appellant contends that this statute has the effect of doubling the time within which an appeal from an order may be taken whenever notice of the entry of such order has been given by mail. Such is the effect of the holdings in New York and North Dakota. Dorlon v. Lewis, 7 How. Prac. (N. Y.) 132; More v. Western Grain Co., 31 N. D. 369, 153 N. W. 976.

[1, 2] The holdings in the above cases in effect construe such statute as though the word "be" was omitted from before the word "double." We think the language too plain to admit of any such construction. We are of the opinion that this statute applies where the party giving the notice, by such notice, seeks to fix the date for the doing of something at a certain time in the future, and was not intended to have any application to a notice of a past event, even though it might happen that the giving of such notice started the running of a statute of limitations against the party receiving same. We are loth to believe that any Legislature would intentionally do such a ridiculous thing as to double the 60-day period for taking appeals merely because the notice of the filing of an order was given by mail, or to double the time for answering a pleading merely because the pleading was served by mail. If such was the intent of the Legislature it would have made it plain by some such language as that found in section 1013, Code Civ. Proc. of California:

"If, within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done is extended one day for every twenty-five miles distance between the place of deposit and the place of address. * * *"

The motion of appellant is denied, and, as it appears clearly that the time for appeal had expired, the purported appeal is stricken from the records of this court.

SMITH, P. J. (dissenting). I cannot concur in the conclusion reached by my Associates. Appellant's response to the motion to dismiss the appeal is that the appeal, though not taken within 60 days after the filing of the order denying the motion for a new trial, was, in fact, taken within 60 days after the service of the written notice required by section 442, Code Civ. Proc. (Rev. Code 1919, § 3147), which, as amended by section 1, c. 201, Laws of 1917, reads as follows:

"An appeal to the Supreme Court must be taken within sixty days after written notice of the filing of the order shall have been given to the party appealing. * * *"

Written notice of the entry of an order is essential to start the running of the time within which an appeal may be taken. Clark Imp. Co. v. Wadden, 29 S. D. 195, 136 N. W. 111; King v. Hanson, 13 N. D. 85, 99 N. W. 1085; Fry v. Bennett, 16 How. Prac. (N. Y.) 402.

Section 552, Code Civ. Proc. (Rev. Code 1919, § 2581), provides.

"Notices shall be in writing; and notices and other papers may be served on the party or attorney in the manner prescribed in the next three sections, where not otherwise provided by this title."

Section 554, Code Civ. Proc. (Rev. Code 1919, § 2583):

"Service by mail may be made where the person making the service and the person on whom it is to be made reside in different places, between which there is regular communication by mail," etc.

Section 556, Code Civ. Proc. (Rev. Code 1919, § 2585):

"When the service is by mail, it shall be double the time required in cases of personal service, except service of notice of

trial, which may be made sixteen days before the day of trial, including the day of service."

These sections cover the mode of service of all notices provided for in the Code. It is, of course, optional with the party to serve notices either personally or by mail.

The precise question here presented was before the court in Dorlon v. Lewis, 7 How. Prac. (N. Y.) 132, under a rule almost identical with our statute. The court said:

"The rule is applicable to appeals like that which is the subject of this motion. The right of appeal is limited to 30 days after 'written notice,' etc. The object of giving notice is to terminate the right of apepal. The time for adverse parties to appeal begins to run from the time of the service of notice. If, therefore, the party giving the notice chooses to serve his notice by mail, and he may, he also gives the other party double the time he would have had if the service had been personal."

So far as I have been able to ascertain, this ruling has not since been questioned in that state.

The North Dakota statute is identical with our own. In More v. Western Grain Co., 31 N. D. 369, 153 N. W. 976, the ruling in Dorlon v. Lewis, supra, is approved and followed, citing, also, 4 Wait's Practice, p. 219. See, also, McDonald v. McDonald, 168 Cal. 433, 143 Pac. 726; Rosenkrans v. Kline, 42 Wis. 558; Prescott v. Brooks, 11 N. D. 93, 90 N. W. 129.

I do not quite apprehend the logic of the majority opinion, which says that the serving of such notice—
"seeks to fix the date for the doing of something at a certain time in the future, and was not intended to have any application to a notice of a past event, even though it might happen that the giving of such notice starts the running of the statute of limitations against the party receiving the same."

Clearly the statute requires the service of notice to start the period of limitation for appeal and fixes the time for the doing of something then wholly in the future, viz. the taking of an appeal. I also confess to a bit of amusement at the statement that:

"We are loth to believe that any Legislature would intentionally do such a ridiculous thing as to double the 60-day period for taking appeal, merely because the notice of the filing of an order was by mail"

—when, in the very next sentence the opinion concedes that the Legislature of California did do precisely that thing by the use of different language.

I think the motion for dismissal of the appeal should be denied.