# COMMERCIAL SECURITY COMPANY v. W. R. JACK.

(150 N. W. 460.)

**Negotiable promissory note — suit by indorsee — title of payee not shown defective — burden of proof on maker — indorsee not in due course — prima facie case.**

1. In a suit by the indorsee of a negotiable promissory note, the title of the

, payee of which is not shown to have been defective within the meaning of § 6940, Comp. Laws 1913 (Rev. Codes 1905, § 6357), the burden is upon the maker, who seeks to defeat payment, to first prove that plaintiff is not an indorsee thereof in due course. In other words, the burden is upon him of overthrowing the prima facie presumption, as prescribed in § 6944, Comp. Laws, that plaintiff is a holder in due course. *Held*, that defendant failed to meet such burden.

**Title of payee — when defective — note obtained by fraud, duress, force, or fear, other unlawful means — illegal consideration — negotiated in bad faith.**

2. The title of a payee of a promissory note is defective within the meaning of the above statute, only "when he obtained the instrument or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal. consideration, or when he negotiates it in breach of faith, or under such circumstances as amount to a fraud." Tested by this statutory rule it is held that the title of the payee of the note in suit was not defective.

**Presumption of law — introduction of testimony to prove sale and indorsement — not a waiver.**

3. Defendant's contention that plaintiff waived the benefit of the presumption created by § 6944, Comp. Laws, by the introduction of certain testimony for the purpose of proving the sale and indorsement of the note by the payee to the plaintiff, is held untenable.

**Testimony as to sale and indorsement — impeachment — question for jury.**

4. The contention that the testimony of the plaintiff's witness who was called to prove the sale and indorsement of the note, and who testified that such sale and indorsement took place on September 29, 1911, was sufficiently impeached by proof of certain letters written by the witness after such date, but long prior to the maturity of the note, to authorize a submission to the jury of the question whether such sale and indorsement were made before the maturity of the note,—held without merit.

**Testimony of witness — impeachment — contradictory statements — out of court — relevant and material.**

5. While the testimony of a witness may be impeached by proof of contradictory statements of the witness made out of court, such impeachment must be confined to such testimony as is relevant and material to the issues.

Opinion filed November 25, 1914.   Rehearing denied January 2, 1915.

Appeal from District Court, Grand Forks County; *C. M. Cooley*, J.

From a judgment ordered *non obstante veredicto* in plaintiff's favor, defendant appeals.

Affirmed.

*Scott Rex,* for appellant.

In a suit on a promissory note, a verdict should not be directed for the holder, unless the evidence is such that fairminded men can draw only one inference therefrom, and may not be directed where the evidence is uncontroverted, if the inferences to be drawn from the circumstances are open to different conclusions by reasonable men. Arnd v. Aylesworth, 145 Iowa, 185, 29 L.R.A.(N.S.) 638, 123 N. W. 1000.

Where there is an issue as to the title or ownership of the note, or as to whether plaintiff is a bona fide holder, the case is for the jury. 8 Cyc. 289; Walters v. Rock, 18 N. D. 45, 115 N. W. 511; Owens v. Snell, 29 Or. 483, 44 Pac. 827; Iowa Nat. Bank v. Sherman, 19 S. D. 238, 117 Am. St. Rep. 941, 103 N. W. 19; Union Nat. Bank v. Mailloux, 27 S. D. 543, 132 N. W. 168; Burroughs v. Ploof, 73 Mich. 607, 41 N. W. 704; Davy v. Kelly, 66 Wis. 452, 29 N. W. 232; Joy v. Diefendorf, 130 N. Y. 6, 27 Am. St. Rep. 484, 28 N. E. 602.

*W. J. Mayer,* for respondent.

If the witness is not a party to the action, his declarations out of court are mere hearsay, and cannot be received as evidence in chief. They only go to the question of credibility. 10 Enc. Pl. & Pr. 296; Law v. Fairfield, 46 Vt. 425; Hicks v. Stone, 13 Minn. 434, Gil. 398; Davis v. Hardy, 76 Ind. 272.

Where there is an issue as to title or ownership of the note, or as to whether plaintiff is a bona fide holder, the question is for the jury. 8 Cyc. 289; Walters v. Rock, 18 N. D. 45, 115 N. W. 511; Owens v. Snell, 29 Or. 483, 44 Pac. 827; Rev. Codes 1905, §§ 6357, 6361.

Proof of failure of consideration does not shift the burden of proof to the indorsee. 4 Am. & Eng. Enc. Law, 2d ed. 325; 8 Cyc. 338; 2 Greenl. Ev. § 172; 1 Randolph, Com. Paper, p. 923; 1 Dan. Neg. Inst. 814; 2 Parsons, Bills & Notes, 438.

Defendant did not plead or prove a defense to the note in the hands of an indorsee. Only material allegations are put in issue by a general denial. 14 Enc. Pl. & Pr. 560, 641; Kinney v. Brotherhood of American Yeoman, 15 N. D. 21, 106 N. W. 44.

There was no rescission in this case. Rev. Codes 1905, §§ 5378, 5380; 6 Enc. Law, 788.

In action for breach of contract, in order that plaintiff may recover more than nominal damages, actual loss sustained must be proved by competent evidence. ' 8 Enc. Law, 553–556; Roberts v. Minneapolis Threshing Mach. Co. 8 S. D. 579, 59 Am. St. Rep. 777, 67 N. W. 607.

Fisk, J.   Plaintiff and respondent, a foreign corporation, brought this action to recover upon a negotiable promissory note for $350, executed and delivered by defendant and appellant to the American Manufacturing Company, and indorsed by it to plaintiff.   The complaint is in the usual form, alleging the corporate existence of plaintiff, the execution and delivery of the note as aforesaid, and the transfer thereof by indorsement to plaintiff for value and before maturity.   By his answer defendant expressly admits the allegations as to the corporate existence of plaintiff, the execution and delivery of the note, and the nonpayment thereof, but denies generally the other allegations of the complaint.   He then alleges certain new matter by way of defense as follows:

III. "Further answering and for a separate defense herein, defendant alleges that the consideration for the giving of said note was the agreement on the part of said American Manufacturing Company to furnish material for and superintend a voting contest to be carried on in connection with the skating rink business which was then operated by defendant at Grand Forks, North Dakota, and that company thereby stipulated and agreed to increase the gross proceeds of such business during the six months commencing October 1st, 1911, in the sum of $3,000; that said American Manufacturing Company failed to furnish the material for such contest, and failed to superintend the same, and wholly failed to increase the gross proceeds of this defendant's business, and that by reason of the premises the consideration for said note has failed."

IV. "Further answering and for a separate defense herein, defendant alleges that the consideration for the note in suit was the agreement on the part of said American Manufacturing Company to furnish material for and to superintend a voting contest to be carried on in connection with the skating rink business which was then operated

by defendant at Grand Forks, North Dakota, and that said company thereby stipulated and agreed to increase the gross proceeds of such business during the six months commencing October 1st, 1911, in the sum of $3,000, and whereby it agreed to refund to defendant 6 per cent of each dollar it so failed to increase the gross proceeds of such business; that the gross proceeds of defendant's business during the period aforesaid were not increased in any sum whatsoever by the said contest; that said American Manufacturing Company failed to furnish material therefor and to superintend the same, and that by reason of such failure of said company to carry out the terms of said contract, this defendant has been damaged in the sum of $1,000 and upwards."

It is observed that nowhere is it alleged in such answer that plaintiff ever had any notice or knowledge of the facts thus averred as a defense, or that there was a rescission of the contract, defendant evidently relying upon the fact that plaintiff, if it purchased the note at all, took it subject to all defenses, and not as an indorsee in due course. In other words, he relied upon the assumption that he had put in issue, by the denial in the answer, plaintiff's allegations respecting the sale and indorsement of the note by the payee to plaintiff before its maturity and for value, and that such issue would, at the trial, be resolved in his favor. The issues thus framed were tried to a jury, and, in brief, the following proceedings took place: Plaintiff proved by the deposition of one G. H. Partin, president of the payee, that the note in suit was, on September 29, 1911, which was prior to its maturity, sold and indorsed by such payee to the plaintiff for value. Thereupon the note, together with the indorsement on the back thereof, "Pay to the order of the Commercial Security Co., American Mfg. Co., G. H. Partin, President," was offered and received in evidence without objection. Defendant's counsel then read from such deposition certain testimony given by such witness on cross-examination, which we need not here set out, as we do not deem it very material. Thereupon plaintiff rested its case. The defendant was then permitted, over plaintiff's objections, to testify relative to the various defensive matters alleged in his answer and to the contract entered into between him and the payee of the note; also to two letters, one dated September 30, 1911, and the other October 16th of that year, both written on letter heads of the payee of the note, addressed to defendant, and signed "American

Manufacturing Company by G. H. Partin, President," and both pertaining to such note, the purpose of the latter proof being to discredit Pattin's testimony as to the transfer of the note to plaintiff on September 29th. Defendant's testimony discloses that the note in suit was given by him pursuant to and in consideration of an order or contract between him and the American Manufacturing Company, of date July 14, 1911, as follows:

American Manufacturing Co.

Lexington, Tenn.

Gentlemen:—

Please reserve and ship me at your earliest convenience f. o. b. Minot, N. D., or distributing point, your Piano, Dinner Sets and Advertising matter described on this and reverse side, in payment for which I hereby hand you my instalment note for $350, payable to your order, with the understanding that if this order is not approved this contract is to be canceled and returned to me.

My past twelve months' sales were $3,000, and you are to increase my next six months' sales to $6,000, with the understanding that if my gross sales for the next six months do not amount to $6,000 you are to refund me 6 per cent of each dollar you fall short of said increase, and send your bond for $350 to cover this agreement with me.

To make this last clause binding upon you, I agree to take shipments of Piano, Dinner Sets and literature promptly, prominently display Piano, issue Piano Votes with each cent purchase, and report every thirty days to you my gross sales for six months, furnish all information requested to assist you in pushing the contest. In consideration of special methods to conduct contest and the special terms, agreements, and reservation herein, this order cannot be countermanded. The title to remain in vendor until fully paid.

(We agree to start contest Oct. 1st., 1911, and furnish 100 contestants, and to have representative close contest. Exclusive rights for our methods in amusement line. Copy of agreement. S. H. G.) Town ....Grand Forks......County....Grand Forks....State....N. Dak.....Freight Station....Grand Forks....Express Office.... Grand Forks.....

Salesman: S. H. Grant.

Proof was introduced over plaintiff's objection, showing a breach by said company of this contract in certain particulars, but no proof was offered showing notice on plaintiff's part of such contract, or its breach, and, furthermore, it affirmatively appears that no rescission thereof was ever made or attempted by defendant. On the contrary, he retained the piano and other material, and carried on the contest himself.

At the close of the testimony plaintiff moved for a directed verdict, which was denied. The case was submitted to the jury, and a verdict returned in plaintiff's favor for only the sum of $138.64, being the supposed value, with interest, of the property retained by defendant.

On a motion by plaintiff for judgment for the full amount sued for notwithstanding such verdict, or for a new trial, the district court gave judgment for the amount of the note, with interest and costs, from which defendant appeals, assigning as error the order granting such motion.

We find no difficulty in sustaining such judgment. It is, we think, quite clear that the ruling of the learned trial judge was proper, for numerous reasons which we might mention, but the following will suffice:

It does not appear that the title of the payee of this note was defective. Hence, before it was permissible for defendant to prove any defense to the note in the hands of plaintiff the burden was upon him of first showing that the plaintiff is not a holder in due course. This he failed to show. In other words, the prima facie presumption that plaintiff is an indorsee in due course of the note in suit has not been met by defendant. On the contrary, it is, we think, perfectly clear under § 6940, Comp. Laws 1913 (Rev. Codes 1905, § 6357), that the title of the American Manufacturing Company to the note was not defective. That section provides: "The title of a person who negotiates an instrument is defective within the meaning of this chapter when he obtained the instrument, or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith, or under such circumstances as amount to a fraud." The defendant's own testimony conclusively negatives the fact that such payee's title was defective within the statutory definition of that term. It follows, therefore, that plaintiff "is deemed prima facie to be a holder in due course"

as prescribed in § 6944, Comp. Laws, and the burden of overthrowing such presumption rested upon defendant. It was incumbent upon defendant, therefore, in order to lay a foundation for the admission of his alleged defenses, to allege and prove that plaintiff did not acquire title to this paper as a holder in due course as that term is defined in § 6937, Comp. Laws 1913. No such allegation or proof appears in this record. The contention of appellant's counsel and the testimony of the witness Partin was sufficiently impeached and discredited by the two letters to warrant the jury in ignoring or disbelieving the same is not sound, nor is his argument sound to the effect that plaintiff, by eliciting testimony from such witness as to the date of his indorsement of the note, thereby waived the benefit of the legal presumption that it was indorsed prior to the maturity of the note. While the sending of the letters to defendant after September 29th, the date the witness Partin testified that the note was sold and indorsed to plaintiff, had some tendency to impeach and discredit the testimony of such witness as to the date thus stated by him, it is not sufficient to justify the jury in finding that the note was not thus sold and indorsed at all prior to its maturity. The fact that the note was duly indorsed to plaintiff by the payee was the material fact, and the only material fact, necessary for plaintiff to establish under the issues. The letters, at the most, merely tended to show the improbability that such indorsement was made prior to the date of such letters, not that no indorsement was in fact made prior to the maturity of the note. While it is well settled that a witness's testimony may be impeached by proof of contradictory statements out of court, it is equally well settled that such impeachment must be confined to testimony which is *relevant* and *material* to the case. Becker v. Cain, 8 N. D. 615, 80 N. W. 805.

For the foregoing reasons the judgment appealed from is affirmed.

## On Petition for Rehearing Filed Jan. 2, 1915.

PER CURIAM. Appellant's counsel has petitioned for a rehearing upon two points. First, he asserts that the statement in the opinion that there is no allegation or proof that plaintiff did not acquire title to this paper as a holder in due course is erroneous; and, second, that inasmuch as the plaintiff had the burden of proving the transfer and

its ownership of the note, "it was incumbent on it to meet that issue and sustain that burden of proof by some evidence."

As to counsel's first contention, it is apparent that he misconstrues our holding. All we intended to hold, and we think it clear that all we in fact held, was that it was incumbent on defendant to allege and prove that plaintiff is not a holder in due course, and that he failed so to do. The Code, § 6944, Comp. Laws 1913, places such burden on him. By such holding, however, we should not be understood as saying that the denial in the answer does not raise an issue as to plaintiff's ownership of the note through a sale and indorsement thereof by the payee to him. Plaintiff no doubt has the burden of proving such facts, and this is all that was held in Nunnemacker v. Johnson, 38 Minn. 390, 38 N. W. 351, and Tullis v. Shannon, 3 Wash. 716, 29 Pac. 449, cited by counsel. In the first case it was held that "the transfer of the note and plaintiff's ownership are put in issue." In the latter case it was said: "The complaint alleged the assignment and delivery of the note by the payee to the plaintiffs, and that the plaintiffs were the owners and holders thereof. The answer denied this. The action being by the assignees, it was necessary for them to allege their ownership in some way, and prove it if denied."

It does not follow, however, that plaintiff had to go further than this, and prove that he was a holder *in due course*, or that such issue was raised by the denials in the answer. See Kerr v. Anderson, 16 N. D. 36, 111 N. W. 614.

The other Minnesota case cited by counsel, Hodgson v. Mather, 92 Minn. 299, 100 N. W. 87, it is true, holds that a denial of the allegation in the complaint that the owner of the note "duly assigned, transferred, indorsed, and delivered it to the plaintiff, who now owns the same," put in issue such allegations, and also the fact that the note was transferred before maturity, which latter fact it was held was an inference implied by law therefrom, and that defendant was therefore entitled to prove that such note came into plaintiff's possession after its maturity. But even conceding such decision to be sound,— regarding which we entertain grave doubts,—it assumes that defendant has the burden of proving the transfer of the note after its maturity.

If we should eliminate from the opinion the statement that there

is no allegation that plaintiff did not acquire title to the note as a holder in due course, the result must be the same, for there is no evidence that plaintiff acquired such note after its maturity. Counsel's contention under the second ground for rehearing is, we think, based on the erroneous assumption that because the witness Partin's testimony was somewhat impeached and discredited as to the exact date of the transfer of the paper to plaintiff (which fact is immaterial, the only material fact being whether such transfer was prior or subsequent to the maturity of the note), his entire testimony is likewise impeached, including that portion wherein he testified to the fact of the indorsement of such paper. We think the testimony as to the fact of such indorsement, which is undisputed, must be given effect. Had such witness testified, as suggested by counsel, that the indorsement and transfer took place after the maturity of the note, this would have been material; but the exact date on which it was transferred after maturity, if such was the fact, would not have been material to any issue in the case.

Petition denied.