EMBDEN STATE BANK, a Domestic Corporation, Respondent, v. A. W. SCHULZE, Appellant.

(193 N. W. 481.)

**Appeal and error — motion to dismiss appeal sustained where notice, undertaking, and specifications of errors served and filed more than six months after judgment.**

1. Where the notice of appeal from a judgment, undertaking and specifications of errors are served on the respondent and filed with the clerk of the district court more than six months after the notice of entry of judgment, and motion is made to dismiss the appeal from such judgment upon the ground that it is not timely made, under § 7820, Comp. Laws 1913, such motion must be granted.

**Appeal and error — when notice of denial of motion for judgment notwithstanding, or for new trial served on adverse party by mail, time for appeal extended to one hundred twenty days.**

2. When the order of the trial court denying motion for judgment notwithstanding the verdict, or for a new trial, is served on the adverse party by mail,

Note.—On effect of possession of paper purporting to be indorsed in blank by payee or by a special indorsee, as prima facie evidence of plaintiff's title to the paper, see note in 11 A.L.R. 952; 21 R. C. L. p. 871; 5 R. C. L. Supp. p. 1176.

the time within which an appeal may be taken therefrom, which is sixty days under § 7820, Comp. Laws 1913, is doubled, as provided in § 7954 Comp. Laws 1913, following More v. Western Grain Co. 31 N. D. 369, 377.

**Bills and notes — principal and agent — possession of notes payable to order does not entitle holder to enforce it against maker without proof of indorsement by payee; burden on possessor of note indorsed by agent to prove agent's authority.**

3. Mere possession of a promissory note, payable to order, does not entitle the holder to enforce it against the maker without proof of indorsement, or transfer by the payee, if such indorsement and transfer are denied by the maker, although a purported indorsement appears on the back of the instrument. In such a case the duty devolves upon the plaintiff to prove title to the note; and if such indorsement is made by an agent or employee of the payee, the plaintiff must prove the authority of the agent to transfer title by indorsement.

**Principal and agent— mere possession by agent raises no presumption of authority to transfer title by indorsement; authority of agent to indorse negotiable instruments not implied from fact of agency unless necessary to carry out express authority.**

4. Mere possession of a promissory note by an agent of the payee gives rise to no presumption of authority in such agent to indorse such paper so as to transfer title thereto. Authority in an agent to indorse negotiable instruments will not be implied from the fact of agency, unless it be necessary in order to carry out the express authority conferred on the agent by his principal.

**Evidence — testimony as to advice by another as to agent's authority to indorse notes held inadmissible as hearsay.**

5. The testimony of the cashier of the plaintiff to the effect that before the note in suit was indorsed to the plaintiff bank, he talked with the president of the payee, and was advised by the president of the payee that the person who had possession of the note in suit had authority to indorse notes belonging to the payee, is hearsay and incompetent upon the question of authority of the agent to transfer title by indorsement and, if properly objected to, should be excluded.

**Trial — general objection after specific objection held sufficient.**

6. Where counsel specifically objects to testimony on the ground that it is hearsay, and later objection to the same line of testimony is made on the ground that it is incompetent, irrelevant, and immaterial, it is *held*, for reasons stated in the opinion, that the general objection is sufficient.

**Trial — objection to incompetent testimony not waived by cross-examination on same subject.**

7. Where incompetent testimony is admitted over objection and where coun-

sel thereafter cross-examines the witness upon the same matter, the objection is not waived.

**Trial — objection need not be repeated after proper objection when evidence of same class offered.**

8. Where evidence is properly objected to, the objection need not be repeated when other evidence of the same class is offered.

Opinion filed April 21, 1923. Rehearing denied May 8, 1923.

Appeal and Error, 3 C. J. § 734 p. 823 n. 33; § 1061 p. 1060 n. 58; § 1074 p. 1067 n. 28; § 1336 p. 1232 n. 98; Agency, 2 C. J. § 280 p. 636 n. 21, 22; § 665 p. 925 n. 25; Bills and Notes, 8 C. J. § 1316 p. 1010 n. 53, p. 1011 n. 58; Evidence, 22 C. J. § 166 p. 199 n. 36; Trial, 38 Cyc. p. 1385 n. 46; p. 1386 n. 50; p. 1399 n. 82, 83.

Appeal from an order of the District Court, Cass County, North Dakota, *Cole,* J.

Reversed.

*W. J. Courtney,* for appellant.

Plaintiff's rights depend upon these facts each of which is not to be presumed, but must be proved. Vickery v. Burton, 6 N. D. 245.

It is very doubtful if there was any proper delivery—if it were not to be delivered until compliance with all the conditions alleged to have been agreed upon by the parties, a delivery in violation of such agreement would be no valid delivery and the note would not, under the circumstances, be a binding obligation, and would be, in fact, nullity. See Marlatt v. Coutre, 41 N. D. 133; Cline v. Guthrie, 13 Am. Rep. 357; Palmer v. Poor, 121 Ind. 135; Hall v. Wilson, 16 Barb. 548, 56 Am. Rep. 596; Roberts v. McGrath, 38 Wis. 52; Chipman v. Tucker; 38 Wis. 43, 20 Am. Rep. 1; Andres v. Thayer, 30 Wis. 228, 11 A.L.R. 944, 947, 949; 12 A.L.R. 119; Emerson Branthou Co. v. Brennan, 35 N. D. 94; Mee v. Carlson (S. D.) 117 N. W. 1033, 29 L.R.A.(N.S.) 351; Wilson v. National Bank, 47 Ind. App. 689, 95 N. E. 269.

*A. C. Lacy,* for respondent.

The courts have even held that a person could be asked if he had any power or authority to change a contract, and that it was not objectionable as calling for a conclusion. Joseph v. Struller, 54 N. Y. Supp. 162.

A party who asserts error on appeal must show the existence thereof

clearly and affirmatively from the record itself. Raad v. Grant, 44 N. D. 389, 169 N. W. 588.

*The payee having held out William Crowley as its duly authorized agent to indorse, sell, assign, and deliver the note in question, the maker of the note could not dispute that fact.* Grant County State Bank v. Northwestern Land Co. 28 N. D. 749, 150 N. W. 737–741.

An answer responsive to the question ought not to be stricken out if the question was not objected to. State v. Hughes (S. D.) 66 N. W. 1076.

All plaintiff had to do in the first instance was to make out a prima facie case and then after plaintiff had rested, if defendant offered evidence of fraud, want of consideration or such other evidence as to show an infirmity in the note sued on (providing the answer contained the proper allegations), then the burden would shift on plaintiff to show that it was a purchaser of the note in question, in good faith, before maturity for value and without notice of any defenses, if any, in regard thereto. First Nat. Bank v. Flath, 1 N. D. 281, 86 N. W. 867.

Objections to evidence that it is incompetent, irrelevant, and immaterial is too general for consideration on appeal. Kolka v. Jones, 6 N. D. 461, 71 N. W. 558; Bank v. Laughlin, 4 N. D. 391–402, 61 N. W. 473; F. Meyer Boot & Shoe Co. v. Ferguson, 19 N. D. 496, 126 N. W. 110.

*"It is urged, however, by the appellants that the court admitted proof upon this question over plaintiff's objection that it was not within the pleadings,* and that plaintiff not having taken an appeal from such ruling it should not be heard now to sustain the judgment upon a theory held against it on the trial. Morgan v. Southern P. R. Co. 95 Cal. 510, 17 L.R.A. 71, 29 Am. St. Rep. 143, 30 Pac. 603, and Wangler v. Swift, 90 N. Y. 38 are cited to support this position. *But how could plaintiff appeal from an adverse ruling on the testimony? Appeals, of course, lie only from final judgments and that judgment was in its favor. The defendants were notified by repeated objections on the trial —their brief says,* 'something like one thousand'—*that the plaintiff relied among other things upon defects in the pleading.* Indeed one of the grounds of plaintiff's very motion to instruct, which the court sustained, was that 'the defense is not *admissible under the state of the pleadings* and does not conform thereto and the issues which have been

raised thereby are not issues which have been raised by the pleadings.' This was a further and definite notice that inadequacy in the pleadings was claimed as against defendants' contentions. *The latter therefore in failing to amend proceeded at their peril and cannot now be heard to complain because of terms of their answer failed to justify* the submission to the jury of an issue upon which defendants desired the jury's judgment. *The rule that proof must be based upon pleadings is too well established to be made to yield to the contention here made.*"

*A motion to direct a verdict must state specifically the grounds upon which it is based.* Tandcrup v. Hanson (S. D.) 66 N. W. 1073.

The delivery of a promissory note to an agent of the payee is a delivery to the payee, and such note is binding, though the conditions on which it is to take effect are not performed. Scott v. State Bank, 9 Ark. 36; Murray v. W. M. Kimball Co. (Ind.) 37 N. E. 736; Porter v. Andrus, 10 N. D. 558, 88 N. W. 569; First Nat. Bank v. Flath, 10 N. D. 286, 86 N. W. 867.

Evidence of an agreement between the makers and the agent of the payees of a note that it was not to be delivered to the payees until the happening of certain conditions is not admissible in an action by a bona fide holder for value against the makers. Cooper v. Merchants & Mfrs. Nat. Bank (Ind. App.) 57 N. W. 569.

The fact that the indorsement purports to have been made by a corporation, which could act *only through agents, is immaterial.* In the absence of anything in the charter to the contrary, *the general principles applicable in case of agents of a corporation are the same as in case of agents of a natural person.* First Nat. Bank v. Layhed (Minn.) 10 N. W. 422.

*No particular form of appointment is necessary for this purpose; and the authority of the agent may be established as in other cases of agency.* Grant County State Bank v. Northwestern Land Co. (N. D.) 150 N. W. 741; American Nat. Bank v. Lundy, 21 N. D. 167, 129 N. W. 99; McPherrin v. Tittle (Okla.) 129 Pac. 721, 44 L.R.A.(N.S.) 395, and extensive note; Bank of Monette v. Hale (Ark.) 149 S. W. 845; Grant County State Bank v. Northwestern Land Co. 28 N. D. 479, 150 N. W. 736.

*Note obtained by original payee through fraud is valid in the hands of an indorsee, unless he had actual knowledge of fraud or knowledge*

*of such facts as amounts to bad faith.* American Nat. Bank v. Lundy, 21 N. D. 167, 129 N. W. 99; Dunham v. Peterson, 5 N. D. 418, 67 N. W. 293; First Nat. Bank v. Flath, 10 N. D. 281, 86 N. W. 867.

"Usually the appellant is sufficiently informed as to the defects by the notice of motion, or of exceptions, and will be required to supply the defects at the hearing of the motion, or exceptions, or to present a good reason for a failure to do so." 2 Spelling, New Tr. App. § 665, p. 1401.

"Where two appeals are taken,—one from the judgment and the other from an order refusing a new trial,—and an undertaking is given 'on the appeal,' without designating which appeal, both will be dismissed." Weil v. Sutter (Idaho) 44 Pac. 556; Sebree v. Smith (Idaho) 16 Pac. 477; Schiller v. Small (Idaho) 40 Pac. 53; Motherwell v. Taylor (Idaho) 9 Pac. 417; Cronin et al v. Bear Creek Gold-Min. Co. (Idaho) 32 Pac. 53; Eddy v. Van Ness (Idaho) 6 Pac. 115.

"The undertaking recites that *the appellants are about to appeal from the judgment made and entered against them, and also from the order denying a new trial, and then undertakes to pay all costs and damages which may be awarded against them on the appeal or dismissal thereof, not exceeding $300.*"

"It is evident that such an undertaking covers but one appeal and it is impossible, upon an inspection of it, to determine to which appeal it applies. This being the case, we must hold that neither the appeal from the judgment nor from the order is well taken." Kelly v. Leachman (Idaho) 51 Pac. 408.

"A party who asserts error on appeal must show the existence thereof clearly and affirmatively." Raad v. Grant, 44 N. D. 389, 169 N. W. 588.

"Grounds not stated in the motion or written statement will not be considered at the hearing of the trial court. And similarly it is held that on appeal the reviewing court will not consider any grounds other than those specified in the motion. A party making a motion for new trial is bound by the reasons assigned therein and can urge no other on appeal." O'Dell v. Heinry (N. D.) 190 N. W. 774.

JOHNSON, J. This is an appeal from a judgment and from an order denying a motion for a new trial.

At the outset we are confronted with a motion by the respondent to dismiss this appeal upon two grounds; first, that the appeal was not perfected within the statutory time, and second, that the undertaking of the appellant is insufficient.

The judgment was docketed on February 1, 1922, and personal service of notice of entry of judgment was made and admitted on February 1, 1922. On February 11, 1922, a motion for a new trial was argued before the trial court and was on that date fully submitted. The trial court held this under advisement for over six months and until September 1, when the order denying the motion for a new trial was made. This order was served on the defendant and appellant by mail on September 1, 1922, and on that date the affidavit of mailing was filed. Notice of appeal from the judgment and the order, bond, and specifications of errors were personally served upon the respondent's counsel November 3, and were filed in the office of the clerk of the district court on November 6, 1922.

It is clear that the appeal from the judgment was not perfected within six months, the time prescribed in § 7820, Comp. Laws, 1913, and that the motion to dismiss the appeal from the judgment must, therefore, be granted.

With reference to the motion to dismiss the appeal from the order of the trial court denying the motion for new trial, a different question arises. This motion was made and fully submitted before the trial court lost jurisdiction over the judgment. The defendant had sixty days to appeal from this order (§ 7820, Comp. Laws, 1913) unless, because of service of the order and the notice of the making of the same by mail, the respondent became entitled to double time under § 7954. In the case at bar, unless the appellant is entitled to double time within which to appeal from the order of the trial court, the appeal is not timely taken and the motion to dismiss the same must be granted.

Section 7954 provides as follows: "When the service is by mail it shall be double the time required in cases of personal service, except service of notice of trial which may be made sixteen days before the day of trial including the day of service."

We believe that this question has been settled in this jurisdiction against respondent's contention. It is true that the supreme court of South Dakota in Landstad v. McClellan, 42 S. D. 263, 173 N. W. 747,

has held that service of notice of the making of such an order by mail does not double the time within which to appeal therefrom. This court, however, arrived at a contrary conclusion in More v. Western Grain Co. 31 N. D. 369, 377, 153 N. W. 976. The construction put upon § 7954 in that case is the same as the New York court put upon an identical section of the New York Code—our § 7954, Comp. Laws, 1913 was adopted from New York—in Dorlon v. Lewis, 7 How. Pr. 132.

The grounds on which the sufficiency of the undertaking is challenged have been removed by the appellant who with the permission of this court, has filed a new and amended undertaking which conforms with the statute. The objection made to the amended undertaking is without merit. A single undertaking is sufficient on an appeal from a final judgment and from an order denying a motion for a new trial, and in the instant case the undertaking is given on appeal from both and specifically refers to both. Sucker State Drill Co. v. Brock, 18 N. D. 598, 120 N. W. 757.

The motion to dismiss the appeal from the order denying the motion for a new trial must be denied.

This is an action brought by the indorsee of a promissory note. The complaint is in the usual form. The plaintiff and respondent alleges that it received this note as indorsee of the payee for value, before maturity, and without notice or knowledge of any defense thereto. The note was dated December 27, 1919, made payable to the Grain Belt Manufacturing Company, a corporation, as payee, and was signed by the defendant and appellant A. W. Schulze. The note is given for the sum of $1,750 with interest at the rate of 8 per cent per annum and due one year after date. The note was given in connection with a stock and tractor agency contract, signed by the maker of the note at the time the note was made, Exhibit 100 in the case, and recited that the maker of the note had the right to cancel the contract within a specified time from the date of the contract. The following is written in long hand at the bottom of the agreement:

"The above note for $1,750 is to be held and returned in the event of cancelation of the contract within one year." This is signed "Wm. Crowley."

The defendant, Schulze, wrote the payee in the note, the Grain Belt Mfg. Company on December 29, 1919, canceling the contract and asking

that the note in suit be sent to a bank at Casselton. The registry return receipt shows that this letter was received by the payee named in the note on December 30, 1919. The plaintiff and respondent alleges and the evidence shows that it purchased the note on December 30, 1919.

The answer of the defendant and appellant admits the making of a note of about the date mentioned in the complaint, but denies the negotiation and indorsement thereof. The answer is in the form of a general denial, coupled with which are specific denials of matters of fact, as if such matters of fact had been alleged in the complaint. This part of the answer is in the following form:

"Defendant admits making a note of about the date mentioned, in the said complaint, *but denies that it was ever delivered to the Grain Belt Manufacturing Company, and denies that the said company ever had such note delivered to them, or were ever in legal possession of or owners of said note, for the purpose of collection, sale, or transfer, or that they were ever the holders of said note for any purpose, other than to turn back to this defendant.*

"Defendant denies that the plaintiff purchased the said note before maturity, or at all for value, *and denies specifically that the said plaintiff is an innocent purchaser in good faith,* and denies that the plaintiff is the owner of said note."

In point of fact, no such specific allegations as those italicized in the denials above appear in the complaint, and it is doubtful if the answer, properly construed, is more than a general denial, coupled with a specific admission of the making of a note similar to the one in suit. Whether or not the answer alleges affirmative defenses sufficiently to entitle the appellant to introduce evidence thereof at the trial is not necessary at this time to determine. The trial court seems to have considered the answer sufficient to admit evidence of such defenses.

The plaintiff offered the note in issue as Exhibit 1, together with the indorsement thereon. Objection was thereupon made to the introduction of the note in evidence, upon the ground that there was no indorsement or proof of indorsement, assignment, or sale of the note to the plaintiff. Before ruling on this objection, the trial judge examined the cashier of the plaintiff and respondent and elicited from him the information that the name of the payee was indorsed upon the note before the same was delivered to the plaintiff by one W. J. Crowley;

but the evidence indicates that Crowley was not an officer of the corporation. On this point the record is as follows:

Examination by the court.

Q. Who put that indorsement there?

A. Mr. Crowley.

Q. And you at that time do you know whether he was representing the Grain Belt Manufacturing Company?

A. The president of the company told me he was.

Mr. Courtney: Objected to as hearsay.

Q. Mr. Buck, this note has never been paid has it, this exhibit "1"?

A. No, sir.

Q. I believe I understood you to testify that on the 30th day of December 1919, it was indorsed and assigned by the Grain Belt Manufacturing Company to the Embden State Bank?

A. Yes, sir.

Q. On that date?

A. Yes, sir.

Q. And was it delivered to the Embden State Bank on that date also?

A. Yes, sir.

Q. And was the payment made on that date also by the Embden State Bank to the Grain Belt Manufacturing Company?

A. Yes, sir.

Mr. Courtney: The same objection and we move to strike the answers out on the ground and for the reason that the question elicits and calls for and receives an answer which is merely a conclusion of the witness where he says the money was paid to the Grain Belt Manufacturing Company.

The Court: The objection is overruled and the motion denied; but your objection to this line of testimony may stand.

The indorsement is simply as follows: "Grain Belt Mfg. Co. by Wm. Crowley." The note was thereafter admitted in evidence over defendant's objection and it is claimed by the appellant that this was error.

The theory of the defendant and appellant is that inasmuch as the indorsement was denied in the answer, it was incumbent upon the plain-tiff to prove title to the note, i. e., the indorsement, see Commercial Secur. Bank v. Jack, 29 N. D. 67, 74, 150 N. W. 460, like any other fact essential to recovery; and that since the indorsement was made by an agent or employee of the payee, it was necessary for the plaintiff to prove the authority of the agent to transfer title to the note by in-dorsement.

The only evidence in the record tending to show authority in Crowley to indorse and negotiate the note is the testimony of the witness Buck, cashier of the plaintiff and respondent. The witness testified that he knew that Crowley was employed by the payee, the Grain Belt Manu-facturing Company, because he had seen him in their offices. This answer the defendant moved to strike out as not responsive, which mo-tion the court denied. The answer should have been stricken. Witness was asked if he knew whether or not Crowley was an officer of the payee. The answer was not responsive and was a conclusion. Upon this ruling the fourth specification of error is predicated.

The cashier Buck further testified that on the day when the bank purchased the note, the witness Buck telephoned the president of the payee, and was advised by the president of the payee that Crowley had authority to transfer by indorsement notes belonging to the payee. The testimony of the witness Buck to the effect that he was informed by the president of the payee that Crowley represented the payee was objected to as hearsay, and his testimony to the effect that the president of the payee told him that Crowley was authorized to indorse and deliver and sell notes on behalf of the Grain Belt Manufacturing Company, was objected to by the attorney for the defendant and appellant as follows:

"Mr. Courtney: That is objected to on the ground and for the rea-son it is incompetent, irrelevant, and immaterial; the authority not being in the president or any other executing officer of the corporation to authorize the indorsement of negotiable paper."

In each instance the objections were overruled and the evidence went to the jury. It is claimed that this was error.

Mere possession of a negotiable promissory note payable to order does not entitle the possessor to enforce it against the maker without proof of indorsement or transfer by the payee, if such indorsement and trans-

.fer are denied by the maker, although a purported indorsement appears on the instrument. Vickery v. Burton, 6 N. D. 245–251, 69 N. W. 193; Capitol Hill State Bank v. Rawlins Nat. Bank, 24 Wyo. 423, 11 A.L.R. 937, 160 Pac. 1171.

As heretofore indicated, the evidence in this case shows that the purported indorsement on the back of the note in the name of the payee was put there by one William Crowley and that said Crowley was not an officer of the payee corporation. He was, at most, an agent of the payee, in possession of the note, according to the evidence.

Mere possession of a negotiable instrument by the agent of the payee gives rise to no presumption of authority in such agent to indorse such paper so as to transfer title thereto. 21 R. C. L. p. 871. The mere fact, therefore, that Crowley was in possession of this note creates no presumption whatever that he had authority to transfer the same by indorsement. It was incumbent upon the plaintiff to prove the authority of the agent Crowley to transfer this note by indorsement. Authority in Mr. Crowley to indorse and negotiate notes will not be implied from the fact of agency unless it be necessary in order to carry out the express authority conferred on the agent by his principal. Power to indorse and negotiate commercial papers is not implied from an express authority to transact other business for the principal, unless such power be necessary to execute the express authority. Jackson v. National Bank, 92 Tenn. 154, 18 L.R.A. 663, 668, 36 Am. St. Rep. 81, 20 S. W. 802; Jackson v. Commercial Nat. Bank, 199 Ill. 151, 59 L.R.A. 657, 93 Am. St. Rep. 113, 65 N..E. 136; Parsons, Contr. 9th ed. p. 62; 1 Mechem, Agency, §§ 969, 971; Dan. Neg. Ins. 4th ed. §§ 292, 293.

. This brings us to a consideration of the evidence offered to prove the authority of Crowley to transfer the note by indorsement. The only evidence of authority which appears in the record is found in the testimony of the cashier of the plaintiff who testified, over objection, that he was told over the telephone by the president of the corporation which is payee in the note, that Crowley had authority from the corporation to transfer negotiable instruments by indorsement. The note in suit was not specifically mentioned. This evidence was given by the cashier on direct examination by the plaintiff's attorney and also to some extent upon examination by the trial judge. On cross-examination by defendant's counsel, the fact was developed that the only basis of the knowl-

edge of the cashier of the extent and scope of Crowley's authority, with reference to negotiable paper, was derived from information given the cashier by the president of the payee.

It is clear that this testimony was hearsay, and therefore incompetent. It was adduced in order to establish a fact material to plaintiff's right to recover, namely, its title to the note in suit. Objection that his evidence was hearsay was made when the trial court drew out of the cashier that he was informed by the president of the payee that Crowley was representing the corporation. It is true the objection was made after the answer was given, but the question was so framed that this answer could not be anticipated. The trial court overruled the objection to this evidence and told the defendant's attorney that it would be permitted to stand. Thereafter, this was gone into more fully and objection again made, but then upon the ground that this evidence was immaterial, incompetent, and irrelevant, which objection was overruled. It is elementary that hearsay evidence is not competent when proper objection is made. With this hearsay evidence out of the case, there is no proof whatever, no testimony of any kind, tending to establish authority in Crowley to indorse the note in suit and transfer the same to the plaintiff so as to give it title thereto.

It is urged by the respondent that the objection made to this testimony was too general to be considered. As has been stated heretofore in this opinion, the first objection made when the trial judge himself was examining the cashier of the plaintiff and drew out of him that he knew that Crowley was representing the payee because the president of the payee had told him so, was that it was hearsay. This was overruled and the court ordered the testimony in. The attention of the court at the outset was thus directed to the fundamental and specific vice in this testimony. The next time objection was made to this kind of testimony, the objection was simply that it was irrelevant, immaterial, and incompetent. The rule undoubtedly is that this form of objection is so general that error cannot be predicated upon any ruling thereon. This rule is elementary and has been affirmed many times by this court. To this rule, however, there are exceptions as well established as the rule itself. The reason for requiring specific objection is to enable the opposing party to obviate, if possible, the objection made, and to enable the trial court under the pressure of the trial, to appre-

ciate the real objection without searching the record or scanning the entire case to discover it. This being the reason for the rule, it is clear that when the reason does not exist, the rule does not apply. If, therefore, notwithstanding the general character of the objection, the real objection is apparent and if it is impossible for the opposing party to obviate the objection, the courts have held that a general objection is sufficient. "General objection to evidence which is clearly hearsay is sufficient. It is incumbent on the party offering the evidence to show that it is admissible in spite of its hearsay character." 9 Enc. Ev. 80, 63; 38 Cyc. 1385; Huston v. Johnson, 29 N. D. 546, 151 N. W. 774; Cunningham v. Cochran, 18 Ala. 479, 52 Am. Dec. 230; State v. Bartlett, 170 Mo. 658, 59 L.R.A. 756, 761, 71 S. W. 148; Sparf v. United States, 156 U. S. 51, 39 L. ed. 343, 15 Sup. Ct. Rep. 273, 10 Am. Crim. Rep. 168. The objection was sufficient in this case.

It is true that later some or most of this testimony was admitted without objection by defendant. The rule, however, is well established that where evidence is properly objected to, the objection need not be repeated when other evidence of the same class is offered. The court had ruled adversely to defendant. It was not necessary to repeat the objection. American Mortg. Co. v. Mouse River Live Stock Co. 10 N. D. 290, 86 N. W. 965.

Counsel for the defendant cross-examined the cashier of the plaintiff as to the conversation he testified he had with the president of the payee over the telephone with reference to the authority of Crowley to indorse and transfer negotiable paper. It is contended by the respondent that if there was any error in receiving this testimony, it was waived when the defendant cross-examined the witness upon the same subject. This court has had occasion to consider this question before in the case of the First State Bank v. Kelly, 30 N. D. 84, 96, 152 N. W. 125, Ann. Cas. 1917D, 1044, and in that case arrived at a contrary conclusion. This court, in that case, adopted the more reasonable and the majority rule in this country that objection to improper evidence is not waived by cross-examination of the witness on the same subject. There was, therefore, no waiver of the objection.

It follows that there was no proof of the indorsement of the note in suit and of the title of the plaintiff thereto, and it was error to admit the same with the indorsement in evidence over defendant's objection.

The defendant in his sixth specification of errors complains of the following instruction:

"When plaintiff introduced the note in evidence showing its indorsement, its claimed indorsement in behalf of the Grain Belt Manufacturing Company, and the claimed delivery thereof, it rested its case and made what is called a prima facie case."

The part objected to is a portion of a sentence. The remainder of the sentence is as follows:

"And in this connection I will read to you some of the sections covering negotiable instruments and the instrument sued on in this case is what is called a negotiable instrument. Now, the indorsement on the back, or claimed indorsement, is made by a party claiming to be the agent of the Grain Belt Manufacturing Company. Section 6904 of the negotiable instruments law reads as follows:—'The signature of any party may be made by a duly authorized agent. No particular form of appointment is necessary for this purpose; and the authority of the agent may be established as in other cases of agency.'"

We have quoted these portions of the instructions so that the import of the part to which objection is made may be more clearly seen. The court, thereafter, read to the jury §§ 6907, 6916, 6931, 6937 and 6945 of the Comp. Laws, 1913, being a part of the negotiable instruments law. The court, in its instructions, except as quoted heretofore, never referred to the issue made upon the indorsement and transfer of the note in suit or the authority of William Crowley to indorse and transfer the same in behalf of the payee corporation. The jury was not advised by the court upon any rule of law governing agency, the authority of agents with reference to negotiable paper in their possession belonging to their principals, the necessity of proving authority in an agent to indorse negotiable paper belonging to his principal, the manner in which such authority might be established, or the legal duty of the plaintiff endorsee to prove that the note was duly endorsed to it by the payee.

The fair import of the instructions given is that the court, in effect, told the jury that when the plaintiff introduced the note in evidence, the plaintiff had made out a prima facie case; in view of the issue made upon the indorsement and transfer of the note to the plaintiff, the effect of the instructions is the same as if the court had said to the jury that the plaintiff had proved the indorsement of the note by Crowley and the

authority of Crowley to indorse the same in behalf of the payee and that the burden thereupon devolved upon the defendant to establish affirmatively any defenses that he might have. The fact that the court in this connection read § 6904 to the jury, could not but enhance the impression that the indorsement had been proved by calling attention to the fact that a note might be indorsed by an authorized agent and that no particular form of appointment was necessary for the purpose. The vice of the instructions lies principally in the assumption that plaintiff's title had been proved and the indorsement, including the authority of the agent to make the same, established by competent evidence. It must be borne in mind that when this instruction was given, the only evidence before the jury with reference to the authority of the agent was hearsay and incompetent. The instruction is further objectionable in view of the subsequent assertion by the court that the "presumed indorsement on the back, or claimed indorsement is made by a party *claiming to be* the agent of the Grain Belt Manufacturing Company." Crowley did not testify upon the trial and therefore made no claim, whatsoever, that he was agent, nor was there any competent or legal evidence before the jury that Crowley himself claimed to be an agent of the payee corporation with authority to indorse the note in suit. Moreover, any declarations made by him to the effect that he was agent of the payee would not be competent upon the question of his authority to indorse negotiable paper. There is nothing in the record in this case to bring any such declarations within any exception to the rule that declarations of an agent are not admissible to prove the fact of agency or the extent of his authority. Plano Mfg. Co. v. Root, 3 N. D. 165, 54 N. W. 924.

In this instruction, the court virtually withdrew from the consideration of the jury a controverted and material issue of fact and advised the jury, in substance, that a prima facie case thereon had been made by the plaintiff. Indorsement being traversed in the answer, the presumption held to apply in Farmers Bank v. Riedlinger, 27 N. D. 318, 146 N. W. 556, does not arise. Under the issue as made, the duty devolved upon the plaintiff to prove the authority of the person who made the indorsement.

There was not submitted to the jury any issue upon the question of ratification. The evidence shows that a certificate of deposit was issued

by the plaintiff in payment of the note and that this certificate was subsequently indorsed by the Grain Belt Manufacturing Company, to other parties and later paid by plaintiff. The evidence, however, shows that the plaintiff bank purchased several other notes from the payee at about the same time and the evidence does not conclusively show that the Grain Belt Manufacturing Company received the proceeds of the note in suit or of the certificate of deposit issued in payment thereof with full knowledge of the facts and circumstances, so that ratification can be presumed. In any event, this question was not submitted to the jury and the case was not tried upon the theory of ratification of a prior unauthorized endorsement.

Reversed and remanded with costs to the appellant.

BRONSON, Ch. J., and CHRISTIANSON, BIRDZELL, and NUESSLE, JJ., concur.