EMBDEN STATE BANK, a Domestic Corporation, Respondent, v.
A. W. SCHULZE, Appellant.

(201 N. W. 687.)

**Evidence — declarations and communications between payee and maker of
note in absence of purchaser properly excluded as hearsay.**

In an action upon a promissory note, where the plaintiff proved the pur-
chase of the note for value before maturity, and the defendant defended on the
ground that the instrument had been transferred in breach of faith and in
violation of the terms of a written agreement to return the same upon demand,
it is *held*, for reasons stated in the opinion, that declarations by and com-
munications between the payee and the maker in the absence of the plaintiff
were properly excluded as hearsay.

Opinion filed December 8, 1924.

Appeal and Error, 4 C. J. § 2937 p. 956 n. 53. Bills and Notes, 8 C. J. § 1358
p. 1046 n. 2. Evidence, 22 C. J. § 167 p. 199 n. 36.

Appeal from the District Court of Cass County, *Cole, J.*
Affirmed.

*W. J. Courtney,* for appellant.

*Fowler, Green & Watlam,* for respondent.

BIRDZELL, J. This is an action on a promissory note. The case was
before this court on a former appeal, Embden State Bank v. Schulze,
49 N. D. 777, 193 N. W. 481, where the facts will be found to be fully
stated. Suffice it to say here that the plaintiff bank claims to be a
holder in due course of the instrument sued upon. The defenses plead-
ed were conditional delivery and negotiation in breach of faith, or
rather the violation of a written agreement to return the note on the
demand of the maker within a stated time. On the trial the plaintiff
proved a prima facie case by introducing the note in evidence and prov-
ing its purchase of the same before maturity; also, the authority of the
agent of the payee to indorse as well as the indorsement. There are
several assignments of error based upon the rulings of the trial court
upon objections to certain evidence. The rulings of which the appel-
lant complains excluded from the consideration of the jury conversa-
tions and communications between the payee of the note and the maker

in the absence of any officer of the plaintiff bank. We are of the opinion that no error was committed in the rulings complained of. The evidence offered was clearly hearsay as to the plaintiff. It was neither original evidence of a defense to the instrument, nor did it disprove the plaintiff's title. The rulings merely prevented the defendant from showing what had been said, principally by the payee's agents and by himself, with reference to the transaction in which the note originated. It was practically conceded at the trial that, in view of the stipulations in the contract for a return of the note, the note was negotiated in breach of faith and the only serious question was whether or not the plaintiff was a holder in due course. This question depended upon the payment of value by the plaintiff in good faith and without notice of the breach of faith, and the evidence excluded had no legitimate bearing on such questions. It was clearly hearsay.

It is assumed by the appellant's counsel that the propriety of the rulings of the trial court depends upon the proof of the date when the plaintiff purchased the note. The plaintiff's principal witness testified that the bank purchased the note on December 30, 1919 and the trial court, in sustaining objections to conversations and letters passing between the payee and the maker subsequent to December 30th, stated that the objection would be sustained, particularly in view of the long period of time that had elapsed, thus seeming to hold that the plaintiff's evidence as to the date it had acquired the note could not be rebutted. This, however, is not the correct construction of the rulings as we view them. The declarations did not tend to prove a defense to the note as against this plaintiff whether they were made before or after the plaintiff acquired the note.

In another assignment the appellant complains of a ruling of the trial court wherein he says he was prevented from showing that the note was in the hands of the original payee more than two months after the plaintiff claims to have purchased it. An examination of the transcript discloses that the appellant was not prevented from showing this fact. Indeed, it appears that the evidence, in so far as it went to show the possession of the note by the payee at the later time, went in without objection but that objection was made to the conversation between the agent of the payee and the witness as hearsay. We are of the opinion that the ruling excluding it was clearly proper. There is

a further contention that the defendant was prejudiced by reason of remarks of the trial court made in connection with rulings on evidence. These remarks amount to no more than the assignment of a wrong reason for a correct ruling and it does not appear to us that they were prejudicial.

No error is predicated upon the instructions and we are of the opinion, after a careful review of the record, that the defendant has had a fair trial. The order will, therefore, be

Judgment affirmed.

BRONSON, Ch. J., and NUESSLE, JOHNSON, and CHRISTIANSON, JJ., concur.